## EZEKIEL J. M. HALE

*v.*

## THE PEOPLE *ex rel.* Louis C. Huck.

1. SEWERAGE TAX—*limitation as to amount.* Cities under the general incorporation act, prior to the act of 1871, the former act not containing the limitation clause found in the latter as to the amount to be raised for sewerage purposes, seem not to have been restricted in that regard, and the act of 1873 confers power to tax for such purpose, but contains no limitation clause as to amount.

2. TAXES—*notice of application—appearance.* Any defect in the notice of an application for judgment against lands for taxes, or even the want of any notice, is obviated by the appearance of the tax-payer and contesting the tax on the merits.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Messrs. KERR & MATTHEWS, for the appellant.

Mr. FRANCIS ADAMS, Mr. JOHN M. ROUNTREE, and Mr. W. H. HOLDEN, for the appellee.

Per CURIAM: The objection that the "sewerage tax" for which judgment was rendered, is in excess of the amount allowed by law for the extension, laying and maintaining of sewers, does not seem to be well taken. When the taxes con-

tested were imposed, the city was under the general incorpora-
tion act, and that does not appear to contain the limitation clause
found in the act of 1871. The act of 1873, in the seventh clause
of section 1, also confers power upon the city to levy taxes for
building, extension and maintenance of sewers, but contains
no limitation clause as to the amount that may be raised in
any fiscal year.

The judgment for the taxes levied upon a certain tract of
land described, is said to be erroneous, because the notice
given does not specify the year 1873 as one of the years for
which judgment for taxes will be asked. It appears the taxes
assessed for that year were forfeited, and then carried forward
and added to the taxes of the succeeding year against the
property. Our attention has not been directed to any clause
of the revenue law that makes it imperative the notice which
the law requires to be given shall specify the years for which
taxes were forfeited in the subsequent application for judg-
ment; but if it shall be conceded the notice is defective in the
respect indicated, it is obviated by the fact the objector ap-
peared in the court below and contested as to the merits of the
taxes imposed. According to the decision in *The People* v.
*Sherman*, 83 Ill. 165, where there is an appearance in such
cases, and the defense is made as to the merits of such taxes,
it makes no difference whether there was a defective notice or
no notice at all.

The other questions made are disposed of by the opinion in
*Law* v. *The People, post* p.—385, to which reference is made.

No error is perceived in the record that in any manner affects
the justness of the taxes objected to, and the judgment must
be affirmed.

*Judgment affirmed.*