# JOSEPH G. ENGLISH

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 17, 1880.*

1. JUDGMENT FOR TAXES—*signature of judge.* The signature of a county judge to a judgment against lands for taxes, after an order allowing an appeal, is proper and right, and in nowise affects the sufficiency of the judgment.

2. APPEARANCE—*as a waiver of the sufficiency of notice.* The appearance of the land owner in the county court, and contesting the taxes in respect of which judgment is sought, on the merits as well as upon technical grounds, is a waiver of any and all questions as to the sufficiency of the notice of the application.

3. TAXES—*application for judgment—over valuation.* On an application for judgment against lands for taxes, proof that the lands were assessed for more than they would sell for is not admissible. Section 86 of the Revenue law affords the only remedy for the correction of an excessive valuation, except when it has been fraudulently made.

4. SAME—*onus as to validity of municipal tax.* As municipal corporations can levy no taxes, general or special, unless the power be plainly and unmistakably conferred, it devolves upon the People, on an application for judgment upon a city tax, to show that such tax has the sanction of law for its support.

5. SAME—*evidence to show excessive levy of school tax.* If a contestant of a school tax desires to show that the levy was in excess of the amount authorized by law, he must show it by the levy itself. The record of the school board merely showing an estimate, is not admissible to defeat an application for judgment for the school taxes levied.

6. SAME—*tax by city in aid of private corporation—municipal bonds.* A city tax levied for the payment of the principal and interest of bonds issued by the city in aid of a private manufacturing corporation can not be enforced, as such bonds are void, even in the hands of innocent purchasers.

WRIT OF ERROR to the County Court of Will County.

Mr. STEPHEN R. MOORE, for the plaintiff in error:

The statute, (section 191 of the Revenue law,) requires the county judge to sign the order for judgment against delinquent lands. No reason is necessary to be given for this

requirement. It is sufficient that it is so required. *Reed* v. *Morton,* 9 Mo. 379; *Mayhew* v. *Davis,* 4 McLean, 213; *Hinman* v. *Pope,* 1 Gilm. 141; Blackwell's Tax Titles, 58.

The notice of the application for judgment does not give the year for which the taxes are due. The notice is a jurisdictional fact and indispensable. *Fox* v. *Turtle,* 55 Ill. 377; *Waller* v. *Chicago,* 53 id. 88; *Goodrich* v. *Minonk,* 62 id. 121; *Charles* v. *Waugh,* 35 id. 315; *McVeagh* v. *Neuhaus et al.* 49 id. 330; *Fortman et al.* v. *Ruggles et al.* 58 id. 208.

The cases of *Hale* v. *The People,* 87 Ill. 72, and *The People* v. *Sherman,* 83 id. 164, are not in point. In these cases it does not appear the jurisdictional objection was made in the court below. This court has not yet held that when a defendant appears for the purpose of objecting to the jurisdiction of the court, by the act of objecting he confers jurisdiction. To confer jurisdiction by objecting to jurisdiction on the part of the contestant is a contradiction of terms. It is an *unthinkable* proposition. It would defeat the very purpose of the objection. It is an absurdity, as I think. Blackwell, p. 251; Cooley on Taxation, pp. 290, 291.

The principles of equality and uniformity are indispensable to all legal taxation, general or local. Section 10, Art. 9, Const.; Rev. Stat. chap. 126, sec. 4. When property is assessed higher than it will bring at a fair voluntary sale, and higher than adjoining property of equal value, then the law will presume it was done with a fraudulent intent.

Mr. JAS. R. FLANDERS, and Mr. E. MEERS, for the defendant in error:

By entering his full appearance, the plaintiff in error obviated or waived any defect in the notice. *Hale* v. *The People,* 87 Ill. 72; *The People* v. *Sherman,* 83 id. 165.

On application for judgment against delinquent lands the court has no power to hear evidence and reduce the assessment for over valuation. The remedy for over valuation must be sought under section 86 or 97 of the Revenue law.

*The People* v. *Big Muddy Iron Co.* 89 Ill. 116; *Buck* v. *The People,* 78 id. 560; *Republic Life Ins. Co.* v. *Pollock et al.* 75 id. 292.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a writ of error to the county court of Will county, on a judgment for delinquent taxes.

Six grounds of error are insisted upon in the printed argument filed by counsel for plaintiff in error. They will be noticed in the order of their presentation by counsel.

1st. It is objected the judgment is not signed by the county judge.

· This is a misapprehension. The record shows that the judgment is signed by the county judge. The fact that an order allowing an appeal to this court intervenes between the order of sale and the signature of the judge in nowise affects the sufficiency of the judgment. The signature of the judge is most appropriately after and not before that order.

2d. The second and third grounds relate to the sufficiency of the publication to give the court jurisdiction.

The plaintiff entered his full appearance in the county court, and contested the tax upon its merits, as well as upon technical grounds. This, we have held, waives any and all questions of the sufficiency of notice. *Hale* v. *The People,* 87 Ill. 72; *The People* v. *Sherman,* 83 id. 165.

3d. The fourth ground is, that the court improperly excluded evidence of the contestant that the land was assessed higher than it would sell for, etc.

In this there was clearly no error. The 86th section of the Revenue law (Rev. Stat. 1874, p. 871,) afforded the plaintiff in error ample and the only remedy for the correction of an excessive valuation upon his property, unless it was fraudulently assessed too high, which was not proposed to be proved. *Adsit* v. *Lieb,* 76 Ill. 198; *The People* v. *Big Muddy Iron Co.* 89 id. 116.

4th.   The fifth ground is: In the ordinance of the city of Joliet, termed the "Annual appropriation bill," upon and by virtue of which the city taxes are levied, there occurs this item: "Interest on rolling mill bonds, and principal on 10 bonds, $15,300." This item, it is insisted, being for the benefit of a purely private manufacturing corporation, has no authority of law to sustain it.

To this the counsel for the People reply that the record fails to show that this levy is of the character objected.

We can not concur in this view.  It devolves upon the People to show that the tax which is sought to be collected has the sanction of law to support it.

Says Dillon, in his work on Municipal Corporations, (1st ed. § 605): "It is a principle universally declared and admitted, that municipal corporations can levy no taxes, general or special, upon the inhabitants on their property, unless the power be plainly and unmistakably conferred."

"It is as true of the political divisions of the State as it is of the State at large, that legislative authority must be shown for every levy of taxes." Cooley's Const. Limitations, (1st ed.,) 518.

No attempt was made to show that this item falls within any class for which the city might lawfully levy taxes.  On the contrary, parol evidence was introduced by the plaintiff in error showing, with reasonable certainty, that the objection is well taken—that it is a tax for the payment of the principal and interest of bonds issued in aid of a private manufacturing corporation.

In *Bissell et al.* v. *The City of Kankakee*, 64 Ill. 249, we held that such bonds are void, even in the hands of an innocent purchaser, and we still adhere to the doctrine there announced.

The court below erred in not sustaining the contestant's objection to this item of tax.

5th.   The sixth ground is, that the court erred in excluding a certain record of the school board.

This record merely showed an estimate, and was not the levy of a tax.

If, as the counsel claims, he desired to show that the levy was in excess of the amount authorized by law, he should have shown it by the levy itself. We fail to perceive any useful end that could have been subserved by the admission of this record in evidence. It was properly excluded.

6th. The seventh and last objection is to the town tax. It is enough to say that the court below, as the record shows, did not render judgment for that tax.

The judgment for the city tax is reversed; but in all other respects the judgment of the county court is affirmed.

The cause, so far as it relates to the city taxes, is remanded to the county court, and that court is directed to render judgment in favor of the plaintiff in error for so much as he is sought to be charged of the item in the city levy, entitled, "Interest on rolling mill bonds, and principal on 10 bonds, $15,300," and render judgment for the city on all the other items of its levy.

*Affirmed in part and reversed in part.*