WILLIAM ILETT et al.

*v.*

THOMAS F. COLLINS et al.

*Filed at Ottawa May 12, 1882.*

1. VENDOR'S LIEN—*waived by taking collateral security.* The vendor of real estate, by taking collateral or other security for the purchase money, waives his lien on the property sold.

2. SAME—*lost when the debt is barred by limitation.* Where the debt for the purchase money of real estate is barred by the Statute of Limitations, no vendor's lien can exist that may be enforced.

3. LIMITATION—*when available by demurrer.* Where the fact that a debt sought to be collected is barred by the Statute of Limitations, appears on the face of the bill, advantage may be taken of the bar on demurrer.

4. PRACTICE IN CHANCERY—*setting aside dismissal of bill—how far discretionary.* On sustaining a demurrer to a bill in chancery the court below entered an order dismissing the bill. The complainant, at the same

term of court, upon reasons assigned and supported by affidavit, moved the court to set aside the order of dismissal. The motion was denied, and upon questioning the propriety of this ruling, it was held to be within the sound discretion of the chancellor whether he will set aside such an order of dismissal, and there not appearing to have been any abuse of that discretion, the ruling was not subject to review.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. MORTON CULVER, for the plaintiffs in error:

We claim the demurrer to the first bill ought not to have been sustained. The bill alleges fraud on the part of the vendee, and although this court has not passed directly on this point, still it intimates that a lien would be good. *Conover* v. *Warren*, 1 Gilm. 502; *Manly* v. *Slason*, 21 Vt. 277; 2 Washburn on Real Prop. 91, note.

The amended bill, we think, comes directly within the rule laid down in this State, and therefore sustaining the demurrer thereto was error. *Dyer* v. *Martin*, 4 Scam. 146; *Conover* v. *Warren*, 1 Gilm. 498; *Trustees, etc.* v. *Wright*, 11 id. 603; *Same* v. *Same*, 12 id. 432; *Cowl* v. *Varnum*, 37 id. 181; *Wilson* v. *Lyon*, 51 id. 166; *Carpenter* v. *Mitchell*, 54 id. 126.

The court erred in allowing the affidavit of Patrick McHugh to be read, on motion to set aside the order of dismissal, in the face of one of its own rules that no affidavit should be read unless submitted to the opposite party; and secondly, because it is a vicious practice. *Mendell* v. *Kimball*, 85 Ill. 582.

If the bill, as amended, is good, then the court erred; and if the bill, as amended, is bad in some special point, advantage can only be taken of it, as a general rule, by special demurrer.

Mr. P. McHUGH, for the defendants in error:

There is no conflict of authority that the vendor's lien is gone, when independent security, either of property or the responsibility of a third person, is taken by the vendor.

*Conover* v. *Warren et al.* 1 Gilm. 498; *Cowl* v. *Varnum*, 37 Ill. 181; *Boynton* v. *Champlin*, 42 id. 57; *Kirkham* v. *Boston*, 67 id. 599; *Andrus* v. *Coleman*, 82 id. 26.

The staleness of the alleged lien renders the bill obnoxious to a demurrer. The vendor's lien ceases when the debt, on account of which the lien is claimed, is barred by the statute. Jones on Mortgages, sec. 218; *Borst* v. *Corey*, 15 N. Y. 505; *Trotters* v. *Erwin*, 27 Miss. 772; 2 Sugden on Vendors, 391. note 7.

Where it appears on the face of the bill (as in this suit) that the cause of action set out is barred by the Statute of Limitations, the defendant may take advantage of the bar by demurrer. Story's Eq. Pl. secs. 484, 503, 571; *Hoare* v. *Peck*, 6 Simons, 51; *Foster* v. *Hudgson*, 19 Ves. 180; *Wisner* v. *Barnett et al.* 4 Wash. 631; *Caldwell* v. *Montgomery*, 8 Ga. 108.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by William Ilett and Edward Hartwell, in the Superior Court, against Thomas F. Collins, Emelie F. Collins, and others, to establish a vendor's lien, and subject the property to the payment of the purchase money alleged to be still due and unpaid. A demurrer to the original and amended bills was sustained, and the bills dismissed. That decree, on the appeal of complainants, was affirmed in the Appellate Court for the First District, and now complainants bring the case to this court on error.

It is alleged in the original bill, that in June, 1873, complainants, in pursuance with a verbal agreement made with Thomas F. Collins, conveyed the premises to Emelie F. Collins, wife of Thomas F. Collins, in consideration of the sum of $10,000, to be paid cash in hand; but at that time Thomas F. Collins represented he did not have the cash, and that he would pay the same within ninety days, and further represented he had gas stock of the par value of $10,000, and

that he would and did deposit with complainants bonds for the same as collateral security for the purchase money of the property conveyed to his wife, and that after protracted litigation they had realized about $2000 on the gas stock, and that the balance of the purchase money remained unpaid. The prayer of the bill is, that complainants may have a vendor's lien upon the property for the sum due them, and in default of payment of the amount that should be found due, that the premises should be sold in the usual mode of proceeding in such cases.

In sustaining the demurrer to the original bill there was no error. The rule of law is definitely settled, in this State, that where the vendor, on the sale of real estate, takes collateral or other security for the purchase money, it will be regarded as a waiver of any lien for the same on the property itself. *Kirkham* v. *Boston,* 67 Ill. 599, and cases there cited. It is apparent, from the allegations of the bill, that complainants relied on the bonds for gas stock as collateral security for the purchase money of the property conveyed to Mrs. Collins. It is so alleged, and the intention is plainly manifested by efforts of complainants to collect what they could on the gas bonds. Taking such collateral security was a clear waiver by the vendors of any lien on the property for the purchase money, and when once waived it can not, of course, be re-asserted by the vendors.

In the amended bill it is alleged no security was taken for the purchase money of the property conveyed to defendants, but that it all remains due and unpaid. There is, however, a sufficient reason why the demurrer to the amended bill was properly sustained. It will be noticed the conveyance to defendants was made in June, 1873, and the bill in this case was not brought until July, 1879. No lien was reserved in the deed, nor was the purchase money evidenced by any writing. It is clear, therefore, under the law of this State, the debt itself is barred by the Statute of Limitations, and

where the debt is barred no lien can exist that can be enforced. The fact the debt is barred by the statute appearing on the face of the bill, advantage may be taken of the bar on demurrer. Story's Eq. Pl. sec. 484; *Foster* v. *Hodson,* 19 Ves. 180; *Hoare* v. *Peck,* 6 Simons, 51.

It was a matter within the sound discretion of the court whether it would set aside the order of dismissal of the bill, on the motion of complainants, made at the same term of court at which the order was made, for the reasons set forth in the affidavits filed in support of the motion. There was certainly no abuse of the discretion with which courts are clothed in such matters, and the action of the court in that regard is not subject to review in this court. But aside from this view of the law, on looking into the affidavits filed in support, as well as those against, the motion, as may be done, it appears the decision of the court was entirely proper.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*