ANDREW MOORE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield January 18, 1888.*

TAXATION—*evidence to authorize judgment—burden of proof to defeat the application.* The collector's return of the delinquent list, and the filing of the same, with the statutory notice and proof of publication, *prima facie* entitles the collector to judgment for the taxes, and the burden of proof is then cast upon the objector to show sufficient ground to defeat the application for judgment. If he claims an alteration in the assessment by the town board, without notice, he must show that fact by a preponderance of the evidence.

APPEAL from the County Court of Coles county; the Hon. CHARLES BENNETT, Judge, presiding.

Mr. A. J. FRYER, for the appellant:

An assessor can not change an assessment made by him, increasing the same, without notice to the party assessed.

*McConkey* v. *Smith,* 73 Ill. 313; *Cleghorn* v. *Postlewaite,* 43 id. 428; *Glassford* v. *Dorsey,* 2 Bradw. 521; Cooley on Taxation, 266, 267.

The town board of equalization and review can not increase an assessment made by the assessor, except when complaint is made that the assessment is too low, and notice is given to the owner. Revenue act, sec. 86.

Mr. S. M. LEITCH, for the appellee:

The objector can only defeat the collection of taxes by showing them to be illegal by a clear preponderance of the evidence.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an application by the collector of taxes of the county of Coles, to the county court of that county, for judgment for taxes for the year 1885, against delinquent lands and lots. No objection seems to have been made to the delinquent list as returned, or publication and notice.

Andrew Moore, appellant, appeared in the county court and filed objections to judgment being rendered against the northeast quarter of the north-west quarter of section 10, township 12, range 9, in Coles county, Illinois, assessed to him and returned as delinquent, for the reason, as alleged, the assessor assessed said land for the year 1885 at $800, and that the town board of equalization, or some one, without notice to the objector, afterwards changed the assessment, increasing it to $1000. The collector's return of the delinquent list, and the filing of the same, with the statutory notice and proof of publication, *prima facie* entitled the collector to judgment, and the burden was then cast upon the objector to show that the irregularity complained of existed. *Durham* v. *The People,* 67 Ill. 414; *Mix* v. *The People,* 81 id. 118; *Frew* v. *Taylor,* 106 id. 159; *Chiniquy* v. *The People,* 78 id. 570; *Brackett* v. *The People,* 115 id. 29.

The only question presented here, is, therefore, one of fact, as to whether the evidence introduced overcomes the legal presumption that the assessor and other officers connected with the assessment and collection of the revenue did their duty. We have carefully considered the evidence contained in this record, and we are unable to say that the weight of proof is with appellant. It appears that originally the sum put down in the assessor's book opposite this tract of land was $800. It is, however, explained, that the tracts of land and amounts of assessments were transcribed from the assessments of the previous year, and then changed, as the assessor thought proper. Mr. R. N. Chapman made the entries for the assessor on his book, and also acted for the board of equalization in making such changes in the assessment as they directed. The figures "$1000" are in the handwriting of Mr. Chapman, but when they were made, he, nor anyone else, seems able to determine. The supervisor, who was a member of the board of equalization, the assessor and clerk, who were all present during the meeting of the board of equalization, all testified, and no one remembers that any change was made or ordered made in the assessment of this tract of land by the board, and there is nothing in this record to show when it was in fact done. The assessor made return of his assessor's book, under oath, as required by law, upon which this assessment appears. We can not say that the failure of the assessor and his clerk to remember that it was done by the assessor before the return, overcomes the negative testimony of the clerk, supervisor and assessor, and the sworn return. It being incumbent upon the objector to show, by at least a preponderance of the evidence, affirmatively, that the change was made after the books left the hands of the assessor, we think he has failed to make out his case.

The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*