## City of Fulton v. Northern Illinois College.

1. MUNICIPAL CORPORATIONS—*Can Not Loan Money to Private Enterprises.*—A municipal corporation in this State has no power, in the absence of express authority, to donate or loan money to private enterprises.

2. ULTRA VIRES—*Application of the Rule Where the Contract has Been Performed.*—The rule that if a contract entered into by a corporation has been performed by either of the parties the other party can not set up as a defense for the breach of the contract that the corporation had no authority to enter into it, is to be confined to cases where there has been a performance as stated.

3. LIMITATIONS—*When to be Raised on Demurrer.*—The statute of limitations can be taken advantage of by demurrer when it appears on the face of the pleading that the period fixed by the statute has expired.

**Memorandum.**—Foreclosure. In the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Decree or demurrer to bill; error by complainant. Heard in this court at the May term, 1894. Opinion filed December 13, 1894.

BRIEF FOR PLAINTIFF IN ERROR, C. C. MCMAHON AND J. E. MCPHERRAN, ATTORNEYS.

The doctrine seems to be that if a party have no other objection to interpose to the enforcement of a contract, of which it has received the benefit, than that the plaintiff is incompetent to sue, he should not be allowed to escape the

liability on a contract simply *ultra vires*, except where the incompetency results from something subsequent to the execution of the contract, as the bankruptcy of the party. 1 Lawson's Rights and Remedies, 365; Bigelow on Estoppel, 424.

And for like reason a corporation sought to be charged will not be permitted to plead to an executed contract that it did not possess the power to make the contract, and thereby avoid its liability, where the contract is not expressly prohibited by a public statute or a private law. Maher v. City of Chicago, 38 Ill. 266.

The federal authorities hold even more strongly upon this question. " The doctrine of *ultra vires* when invoked for or against a corporation should not be allowed to prevail, where it would defeat the ends of justice or work a legal wrong." San Antonio v. Mehaffy, 96 U. S. 312; Railway Co. v. McCarthy, 96 U. S. 258.

### Brief for Defendants in Error, McCoy Brothers, Attorneys.

Municipal corporations possess and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Cook County v. McCrea, 93 Ill. 237; Huesing v. City of Rock Island, 128 Ill. 465; Wheeler v. County of Wayne, 132 Ill. 599; Dillon, Mun. Corp., Sec. 89.

Powers not expressly granted to municipal corporations, or necessary to the execution of those so given, are in effect prohibited and unlawful, upon grounds of public policy. Morawetz on Corp., Sec. 168; McPherson v. Foster Bros., 43 Ia. 48; People et al. v. Chicago Gas Trust Co., 130 Ill. 258.

In Illinois, cities, in absence of express grant of authority so to do, have no power to loan, donate or pledge their money or credit in aid of private enterprise. Johnson v.

Stark County, 24 Ill. 75; Bissell v. City of Kankakee, 64 Ill. 249; English v. People, 96 Ill. 566; Mather v. City of Ottawa, 114 Ill. 659.

A corporate contract, strictly *ultra vires*, is defined to be one which is not within the scope of the general powers of the corporation to perform, under any circumstances; one foreign to the object and purposes of the corporation, and void for want of power over the subject—as distinguished from a case of mere excess of actual power applied to a real municipal purpose or object, or a lack of authority to the particular officers through whose agency it was executed, or an improper or irregular mode of exercising admitted power. Dillon, Mun. Corp., Sec. 548; Beach v. Fulton Bank, 3 Wend. (N. Y.) 573; Rock River Bank v. Sherwood, 10 Wis. 230; Ryan v. Lynch, 68 Ill. 160; Miller v. Goodwin, 70 Ill. 659; Weckler v. Hagerstown Bank, 42 Md. 581; Smith v. Buffalo, 1 Sheld. 493, 19 Ala. (L. J.) 397; Miner's Ditch Co. v. Zellerbach, 37 Cal. 543; Central Transportation Co. v. Pullman Pal. Car Co., 139 U. S. 24; Monument National Bank Co. v. Globe Works, 101 Mass. 57; Scheffer v. Bonham, 95 Ill. 368.

A contract strictly *ultra vires* is illegal upon the ground of public policy. Central Transportation Co. v. Pullman Pal. Car Co., 139 U. S. 24; People v. Chicago Gas Trust Co., 130 Ill. 268; Bissell v. Mich. So. R. R. Co., 22 N. Y. 258.

A corporate contract, strictly *ultra vires*, whether executed or not, whether benefits have or have not been received thereunder, is absolutely void, and neither party is estopped to set up its strictly *ultra vires* character, and this is especially true in any suit or proceeding upon the contract itself. Dillon on Municipal Corp., Sec. 458; Davis v. Old Colony R. Co., 131 Mass. 248; S. C., 41 Am. Rep. 221; Littlewort v. Davis, 50 Mass. 403; Sherwood v. Alvis, 83 Ala. 115; Kipp v. East River E. Light Co., 46 N. Y. S. 397; Germantown Farmers Mut. Ins. Co. v. Dhien, 43 Wis. 425; Cent. Transp. Co. v. Pullman Pal. Car Co., 139 U. S. 24; Pittsburgh C. & St. L. R. v. Keokuk & Ham. Bridge Co., 11 U. S. 371.

A party making with a city a contract *ultra vires*, is not estopped, when sued thereon by the corporation, to set up its want of authority to make it. Dillon, Mun. Corp., Sec. 458; Pittsburgh & St. L. R. Co. v. Keokuk & Hamilton Bridge Co., 131 U. S. 371; Central Transportation Co. v. Pullman Pal. Car Co., 139 U. S. 24; Montgomery City Council v. Montgomery & W. P. I. R. Co., 31 Ala. 76; Pa., Del. & Steam Nav. Co. v. Dandridge, 8 Gill & J. (Md.) 248, 319, 320.

The remedy, if any, in case of contract strictly *ultra vires*, is not upon the contract itself, but is in assumpsit, upon a count in *quantum meruit*, or for money had and received to plaintiff's use. Salt Lake City v. Hollister, 118 U. S. 256; Pittsburgh C. & St. L. R. Co. v. Hamilton Bridge Co., 132 U. S. 371; Central Transp. Co. v. Pullman Pal. Car Co., 139 U. S. 24; Smith v. Ala. L. Ins. & T. Co., 4 Ala. 558; Dill v. Wareham, 7 Met. (Mass.) 438; Morville v. Am. Tract Society, 123 Mass. 129, 137; Argenti v. City of San Francisco, 16 Cal. 256; Miller v. Am. Mut. Ass. Ins. Co., 92 Tenn. 167; Phila. Loan Co. v. Towner, 13 Conn. 249; Dillon on Mun. Corp., Sec. 458, 935, 938, 969; 15 Am. and Eng. Encyclo. Law, 1100; "Utica Insurance Cases," 19 Johns. 1; 8 Cow. 20; 3 Wend. 296; 4 Wend. 658.

Mr. Justice Lacey delivered the opinion of the Court.

This was a bill by plaintiff in error to foreclose a mortgage dated April 29, 1868, given on certain real estate situate in the city of Fulton, by the Illinois Soldiers' College, a corporation, in the city of Fulton, to secure plaintiff in error in the sum of $6,000, then by the mortgage acknowledged to be due.

The condition of the mortgage was to secure the above sum obligated to be paid to it by a certain bond of even date therewith, payable without use "whenever the defendant in error should fail to keep, maintain and continue without material interruption a college of fair order in the building on block 10 in range 10 in said city of Fulton." The mortgage otherwise was in the usual form with the

usual defeasance. The defendant in error became the successor of the Illinois Soldiers' College in 1874. To the bill filed by the plaintiff in error, the defendant in error demurred. The court sustained the demurrer, and the defendant in error electing to stand by the bill, the court entered a decree dismissing the bill for want of equity on its face, and against plaintiff in error for costs of suit.

The main ground of objection to the bill was that it showed that the bond and mortgage were given to secure a loan in aid of other than proper municipal purposes or to secure the return of a conditional donation; that the loan was for a purpose not germane to the objects of a municipal corporation, and that the city had no power to make the same. It is also insisted that the mortgage was barred by the statute of limitations.

It appears to us quite clear that the intention on the part of the plaintiff in error was to make a donation of the six thousand dollars due it from defendant in error, so long as the Illinois Soldiers' College or its successor should maintain a college of fair order, and when such institution failed to be so maintained that the donation was to revert to plaintiff in error.

Now it is quite evident that the plaintiff in error, being simply a municipal corporation, organized merely for governmental purposes, had no power in law to make any such gift, or to take an obligation like the mortgage in question conditioned on such a contingency.

The instrument if enforceable at all must be enforced in accordance with its terms. If legal, it could never be enforced so long as the college was maintained as provided. But evidently such a condition could not bind the plaintiff in error and compel it to stand by its donation even if the condition of the mortgage were fulfilled. The mortgage was therefore illegal for want of power in the plaintiff in error to receive it. Nor can it be rightfully claimed, as we think, that while the condition was void, the mortgage otherwise should be regarded as valid. The mortgage as a whole was either valid or invalid. The bill treats it as

valid, and relies on the failure to maintain a college of fair order in the buildings as grounds of forfeiture and right to foreclose. Evidently the failure to maintain such a college can not be said to be the fulfillment or completion of the contract on the part of the plaintiff in error. It was simply a forfeiture on the part of defendant in error of an invalid contract. The rule of law quoted from Morawetz on Corporations, page 100, that "if a contract entered into by a corporation has been performed by either of the parties, the other party can not set up as a defense to an action for breach of such contract that the corporation had no authority to enter into it," can not apply here.

There has been no performance here by plaintiff in error other than the receiving of the mortgage from the defendant in error, and that was an illegal act as we have shown. The want of power by municipal corporations in this State in the absence of express authority to donate or loan money to private enterprises has often been expressly held. Johnson v. Stork Co., 24 Ill. 75; Bissell v. City of Kankakee, 64 Ill. 249; English v. The People, 96 Ill. 566; Mather v. City of Ottawa, 114 Ill. 659.

We are of the opinion that the mortgage being void, plaintiff in error could have no right of action based on it. The right of the city to sue for the money due from defendant in error at law would be another question not involved here.

In case the mortgage could be held valid, and the condition void, the statute of limitation would have run against it because more than twenty years have elapsed since its date, and before bill filed. And the statute of limitation can be taken advantage of on demurrer where it appears on the face of the bill it has run. Board of Supervisors, etc., v. The Winnebago Swamp Drainage Co., 52 Ill. 454; Ilet et al. v. Collins et al., 103 Ill. 74.

In accordance with the provisions of this mortgage it could never be foreclosed so long as a college of fair order was maintained on the lot in question. Hence, in the nature of the transaction the $6,000 was a donation or a gift so

long as the college was maintained, which might be perpetually.

We are of opinion that the demurrer was properly sustained and bill rightfully dismissed. The decree of the court below is therefore affirmed.