W. H. JOHNSON *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed December 21, 1898.*

1. SPECIAL ASSESSMENTS—*alleged error in failing to re-cast roll not considered in collateral proceeding.* The Supreme Court cannot, in a collateral proceeding, review or annul a confirmation judgment, entered against appellant's property by default, for alleged error of the county court in not re-casting the assessment after sustaining the objection of certain owners that property benefited was not assessed and releasing the assessment as to them, in the absence of any question as to the jurisdiction of the court.

2. SAME—*remedy where conditions change after judgment by default.* Where, after judgment of confirmation has been entered by default, there is a change of conditions which affords a valid reason for setting aside the judgment and re-casting the assessment, the remedy of the defaulted parties is by application to the county court or by appeal or writ of error in the original proceeding. (*Walker* v. *People*, 170 Ill. 410, followed.)

3. EVIDENCE—*what not admissible on application for judgment of sale.* Upon application for judgment of sale for a delinquent assessment, parties against whom judgment of confirmation was entered by default cannot show that the court, at confirmation, sustained the objection of certain owners that property benefited was not·assessed and released the assessment as to them, but did not re-cast the assessment or include the omitted property.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

TAYLOR & MARTIN, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon application of the county collector for judgment against property delinquent for a special assessment levied by the city of Chicago, appellants appeared and filed objections, which, upon a hearing, were overruled and judgment was entered.

Counsel for appellants, in their argument, say that the objection urged at the hearing was, that upon the original application for confirmation of the special assessment the county court dismissed the petition as to certain property included in the assessment roll assessed to the amount of one-fourth of the entire assessment and benefited to that amount, and that such dismissal was upon the ground that other property benefited was not included in the assessment. The abstract does not show any objection of that character, but recites the objections as follows:

"1. Ordinance invalid and void, and no jurisdiction of property owners.

"2. Proceedings contrary to statute, and void.

"3-5. Municipality without power or jurisdiction to make improvement; ordinance, assessment roll and all proceedings are void.

"6-7. Assessment without authority of law, etc."

The objection now argued does not go to the power of the city to make the improvement, the validity of the ordinance or the jurisdiction of the county court in the original proceeding. It is admitted that the ordinance

177—5

and assessment were by authority of law, and that the county court had jurisdiction to enter the judgment of confirmation, and all that is claimed is that there was an erroneous exercise of such jurisdiction, resulting in injury to appellants. In this proceeding appellants offered to show that other property not included in the assessment roll was benefited, and the judgment of the county court, in sustaining an objection of that character, is not claimed to have been even erroneous, but the argument is, that upon sustaining such objection the court should have re-cast the roll and included the omitted property benefited by the assessment, and that a failure to do so resulted in injury to them by making the burden of the assessment unfair and unequal. As this argument is not within the terms of the objections filed as they appear in the abstract, we are not required to consider the question. Such an objection, however, could not be entertained in this proceeding in any event. As already stated, no question is raised as to the jurisdiction of the county court and its power to enter a binding judgment for the confirmation of the assessment. The record shows that on the return of the assessment objections were filed by some of the owners of property assessed, but appellants did not join in such objections. They were satisfied with the equation of burdens and benefits resulting from the improvement as made and returned by the commissioners, and they were defaulted and judgment entered against their property. That judgment so entered was valid and binding until set aside or reversed in some direct proceeding. Appellants in this case offered to prove that John M. Oliver and Murry Nelson had filed an objection that other property benefited by the assessment was not included in the roll, and that this objection was sustained and the petition dismissed as to said objectors. The court refused to admit such proof, and in this there was no error. The judgment against appellants did not become void by reason of such

a dismissal as to two other property owners, and appellants could have no relief against it in the collateral proceeding for judgment against their property. The same objection which had been filed by Oliver and Nelson was open to appellants, but they did not choose to make it and suffered a judgment against their property to be entered upon the assessment roll as it was returned. The court had power, upon sustaining the objection of Oliver and Nelson, by virtue of its supervisory jurisdiction over the action of the commissioners, to have re-cast the assessment so as to include the omitted property which was benefited, and enforce the rule of equality between all parties assessed. (Hurd's Stat. sec. 33, art. 9, chap. 24; *Jones* v. *Town of Lake View*, 151 Ill. 663.) Appellants offered to prove that the property of Oliver and Nelson was benefited, but if the court erred in releasing their property because other benefited property was not included, instead of releasing all, and by such action an injury was wrought to the remaining property against which judgment had been entered by default, the proper place to raise the question and obtain relief was in the county court. If a valid reason arose, after the default and judgment were entered, for setting them aside on account of a change in the conditions upon which they were entered, application should have been made to the county court, which had full jurisdiction in the premises. Where a similar question arose in *Walker* v. *People*, 170 Ill. 410, it was held that the remedy was by application to the county court or by appeal from or writ of error to that court in the original proceeding. The court had no power, in this collateral proceeding, to review or annul the judgment of confirmation for a mere error, if it were such, in failing to set aside or re-cast the assessment roll.

The judgment will be affirmed.

*Judgment affirmed.*