John J. McManus *et al.*

*v.*

The People *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1899.*

1. Waiver—*appearance to resist entry of judgment for taxes waives defects in notice.* Appearance in the county court to resist the entry of a judgment for taxes waives any defect in the notice of application for the judgment or in the publication of the delinquent list.

2. Evidence—*recital in ordinance that petition for improvement was presented is prima facie true.* A recital in an improvement ordinance that the requisite petition of property owners was presented is *prima facie* evidence of such jurisdictional fact.

3. Taxes—*an application for judgment on special assessment is a collateral proceeding.* An application for judgment of sale for a delinquent special assessment is a collateral proceeding as respects the judgment of confirmation.

4. Same—*when objection of variation in construction of improvement can not be urged.* An objection that the construction of an improvement varied from the original plans cannot be urged on application for judgment of sale on the special assessment levied therefor, where such change occurred before confirmation, when it might then have been urged. (*Church* v. *People*, 174 Ill. 366, distinguished.)

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

This is an application by the county treasurer and *ex officio* county collector of Cook county to the county court in that county for judgment of sale against the property of the appellants, which was returned as delinquent by reason of the non-payment of a special assessment levied and assessed by the West Chicago Park Commissioners to pay the cost of the improvement of Douglas boulevard from the southerly line of Garfield park to the west line of Douglas park. Judgment was entered in accordance with the application of the treasurer over the objections of the appellants. The present appeal is prosecuted from said judgment.

George W. Wilbur, for appellants.

Francis A. Riddle, H. S. Mecartney, and Enoch J. Price, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The first objection to the entry of judgment of sale against the property in question as delinquent is based upon the alleged error in the application for judgment of sale as to the date of the original judgment, confirming the special assessment. It is said by counsel for appellants, that, according to the date of the judgment of confirmation given in the application, such judgment bears date prior to the filing of the petition, which prays for the confirmation of the special assessment.

There is no evidence in the record as to the date when the petition in the original proceeding for the confirmation of the assessment was filed. Counsel for appellants introduced the petition in evidence, and, in so introducing it, stated that it was filed upon a certain day, but he offered no proof as to the date of the filing. He did, however, offer proof, as to the date when the judgment of confirmation was entered, by introducing in evidence the judgment itself, which shows that it was entered in the original special assessment proceeding on the 26th day of September, 1896. The alleged mistake in the date of the judgment of confirmation occurs, not in the application for judgment of sale, but in the reciting part of the order, entered in the proceeding by the county court on July 10, 1899, requiring objections to the rendition of judgment of sale to be filed in writing by ten o'clock on Wednesday, July 12, 1899.

Whatever mistake may have been made in the date of the judgment of confirmation, as given in said order, was cured by the proof introduced by the appellants themselves, showing the correct date of the confirmation.

The collector's return of the delinquent list and the filing of the same, with the statutory notice and proof of

publication, *prima facie* entitle the collector to judgment; and the burden is cast upon the objectors to show, that the irregularity complained of exists. (*Moore* v. *People*, 123 Ill. 645; *Kirchman* v. *People*, 159 id. 265). There is here no sufficient proof, that any irregularity existed, either in the collector's return of the delinquent list, or in his notice of application for judgment of sale, or in the proof of publication of such notice. The appellants here appear and file objections to the application for judgment of sale, and introduce evidence in support of their objections. Where a party thus appears in the county court and resists the entry of judgment for taxes, such an appearance amounts to a waiver of any defect in the notice of application for judgment, or in the publication of the delinquent list. (*Hale* v. *People*, 87 Ill. 72; *Cairo, Vincennes and Chicago Railway Co.* v. *Mathews*, 152 id. 153).

We are of the opinion that there is no force in the objection, based upon an alleged mistake in the date of the original judgment of confirmation.

The next objection, made by the appellants, is that the ordinance, passed on July 14, 1896, and attached to the petition of the West Chicago Park Commissioners, for the levying of the special assessment in question, was invalid as not stating the nature, character, and locality of the improvement, otherwise than by reference to the former ordinance passed on March 28, 1893. This precise objection to this same ordinance of July 14, 1896, was considered and held not to be tenable in *West Chicago Park Comrs.* v. *Farber*, 171 Ill. 146.

The next objection made, is, that, on September 27, 1897, the petition for the improvement filed in the original proceeding was dismissed, and that thereby the judgment of confirmation was set aside, and that, at the time of the application for judgment of sale herein, there was no binding judgment of confirmation as to the property of the appellants. It is sufficient to say, in answer to this objection, that the judgment or order of the county

court, dismissing the petition was reversed in *West Chicago Park Comrs.* v. *Farber, supra,* and the status of the case was thereby restored. (See, also, the late case of *Farrell* v. *West Chicago Park Comrs.* 182 Ill. 250).

The objection is also made, that no legal consenting petition, signed by the owners of a majority of the frontage upon the proposed improvement, was ever obtained for the construction thereof.

The recital in the ordinance, providing for the improvement, states that a petition of the owners of a majority of the land fronting on the improvement was presented to the municipal authorities. In *Cummings* v. *West Chicago Park Comrs.* 181 Ill. 136, involving the consideration of this same improvement, and of the ordinance referred to in the objection now made, we held that such recital, as above indicated in the ordinance itself, is sufficient *prima facie* evidence of the jurisdictional fact set forth in the recital. No evidence was here introduced to overcome the *prima facie* case made by the recital in the ordinance.

Objection is further made, that some change was made in the construction of the boulevard from the original plan attached to the original petition, according to which it was to be constructed. The change alleged to have been made in the improvement, as constructed, from the improvement, as planned, consisted in making certain lawns on the sides of the boulevard a few feet wider than the width called for by the original plans. This proceeding being an application for judgment of sale is a collateral proceeding. The objection as to the variation in the construction is one, which cannot be made in this collateral proceeding, but should have been made in the original proceeding for confirmation of the assessment. Here, the change in the construction of the improvement, if made at all, was made before the confirmation of the assessment, and could, therefore, have been urged against such confirmation. The case of *Church* v. *People,* 174 Ill.

366, does not oppose this view, because, there, the change in the construction of the improvement was made by resolution of the municipal body subsequently to the judgment of confirmation, and, therefore, could not be urged on the hearing of the application for confirmation of the assessment. (*Johnson* v. *People,* 177 Ill. 64).

We are of the opinion that the county court committed no error in overruling the objections made by the appellants to the entry of judgment of sale.

In this case a motion was made by appellee under special appearance to dismiss the appeal upon the ground of the alleged insufficiency of the appeal bond. This motion was reserved to the hearing, but is now denied for the reasons set forth in *Farrell* v. *West Chicago Park Comrs. supra,* where this same motion was considered and denied. The grounds, upon which it was denied, are stated in the *Farrell case* and need not be repeated here.

Accordingly, the judgment of the county court is affirmed.                                    *Judgment affirmed.*