WILLIAM WATERS ET AL. v. BOARD OF COMMISSIONERS OF
BUNCOMBE COUNTY ET ALS.

(Filed 20 December, 1923.)

1. Schools—Bonds—Petition—Resolution—Orders—Evidence—Presumption—Burden of Proof.

The recitations of the school board for the district and of the county commissioners calling an election for an issuance of bonds for school purposes, declaring a full investigation had been made as to the sufficiency in number of the signers of the petition to the school board for that purpose, is *prima facie* evidence of the fact, and the bonds accordingly to be issued will not be declared invalid on the ground of the insufficiency of the investigation unless the presumption is overcome by the plaintiff seeking to declare them invalid.

2. Statutes—Repeal—Repugnancy.

The law does not favor the repeal of a statute by implication, and only such parts that are irreconcilable with the later act will be construed as repealed.

3. Same—Schools—Bonds—Taxation.

A later statute authorizing the levy of a special tax for school purposes by a district does not repeal a former act providing for the issuance of bonds therefor; and the act of 1921, amendatory of the act of 1915, in relation to this matter, applicable to the school laws of Buncombe County, does not revive the act of 1913 so as to repeal the act of 1915, there being no conflict therein and the Municipal Finance Act of 1921, relating to municipal corporations as cities and towns, etc., and not to school districts, is not in conflict with such matters relating to school districts. Chapter 136, Public Laws of 1923, has no application to this case.

4. Constitutional Law—Schools—Taxation—Municipal Corporations—Faith and Credit—Elections.

The provisions of Article VIII, section 4, of our Constitution, relates to municipal corporations as originally formed under legislative enactment, and is more restrictive in limiting the municipality in contracting debts or pledging their credit than Article VII, section 7, which requires an election by its voters to do so, when not for necessary expenses; and an exception to the constitutionality of chapter 722, Public Laws of 1915, cannot be sustained on the ground that it does not limit the amount of the bonds that may be issued for the purposes therein authorized.

APPEAL by plaintiffs from *McElroy, J.,* at October Term, 1923, of
BUNCOMBE.

Civil action to enjoin the defendants from issuing certain school bonds of Haw Creek Special School District, Buncombe County, to the amount of $50,000, which the defendants propose to issue pursuant to chapter 722, Public-Local Laws 1915, the same having been authorized by an election held in said school district on 17 October, 1922.

From a judgment sustaining the legality of the election and upholding the validity of the bonds in question, the plaintiffs appealed.

*M. W. Brown for plaintiffs.*
*Chas. N. Malone, G. A. Thomasson, and George W. Craig for defendants.*

STACY, J. Upon the petition of one-fourth of the voters of Haw Creek Special School District, which petition was approved by the county board of education, the board of county commissioners of Buncombe County ordered an election to be held in said district on 17 October, 1922, for the purpose of submitting to the qualified voters of said district the question as to whether bonds to the amount of $50,000 should be issued for said school district, the proceeds derived therefrom to be used in erecting a new school building as provided by chapter 722, Public-Local Laws, 1915. The election was duly carried and the defendants are preparing to issue the bonds as authorized. This suit is to test the regularity of said election and to determine the validity of the said proposed bond issue.

In the first place, it is alleged that while the action of the board of education in approving the petition in question and requesting the board of commissioners to order an election thereon appears to be regular on its face and in due form, yet, as a matter of fact, such action on the part of the board of education was without due inquiry as to whether the petition contained the requisite signatures of one-fourth of the qualified voters of said district, and that the approval of the board of education, as well as the action of the board of commissioners, was taken *pro forma*, for which reason, plaintiffs contend, the election should be held for naught and the bonds declared invalid.

The evidence offered by the plaintiffs, tending to impeach the proceedings of the two boards, was excluded by the trial court on the ground the plaintiffs have not alleged nor do they contend that the petition did not contain the requisite number of signatures, but the objection of the plaintiffs, without any allegation of bad faith, fraud, or lack of a proper petition, simply relates to the manner in which the two boards arrived at their conclusions. To the action of the trial court in excluding this evidence, the plaintiffs except and assign same as error. The exception cannot be sustained. The resolutions of the two boards are in due form and, in the absence of any allegation which tends to impeach their validity, evidence of the character offered will not be received.. The recital in the resolution of the board of education that the petition presented was "signed by more than twenty-five

per cent of the voters residing in the district," and the recital in the resolution of the board of commissioners, "Whereas it has been found and judicially determined that the signatures to said petition constitute more than twenty-five per cent of the voters resident in said school district: Therefore, be it resolved," etc., are to be taken, *prima facie* at least, as correct. No competent evidence was offered to overcome the presumption of sufficiency arising from such recitals. 28 Cyc., 977; *McManus v. The People,* 183 Ill., 391. Indeed, the sufficiency of the petition is not even questioned.

The next contention of the plaintiffs, which merits discussion, is that chapter 722, Public-Local Laws of 1915, is repealed by implication by the passage of chapter 73, Public-Local Laws, Extra Session 1921, or, if not abrogated by this act, it is repealed by implication by the Municipal Finance Act, ch. 106, Public Laws, Extra Session 1921.

Chapter 73, Public-Local Laws, Extra Session 1921, purports to amend chapter 518, Public-Local Laws of 1913, an act relating to the school law in its application to Buncombe County, but this act of 1913 in no way conflicts with chapter 722, Public-Local Laws of 1915. The act of 1915 provides for issuance of bonds "for the purpose of repairing, altering, making additions to or erecting new buildings, or for purchasing schoolhouse sites and playgrounds," whereas the act of 1913 merely authorizes the voting of a special tax of ten cents to maintain, repair, and erect schoolhouses. It did not and was not intended to authorize a bond issue on behalf of school districts. Hence, the amendatory act of 1921 did not revive the act of 1913 so as to repeal the act of 1915, because they are not in conflict. Repeals by implication or construction are not favored, and for such a repeal to take effect, the repugnancy between the later statute and the one of earlier date must be clear, and only then will the repeal operate to the extent of such repugnancy. *S. v. Perkins,* 141 N. C., 797; *Comrs. v. Henderson,* 163 N. C., 114; *S. v. Kelly, ante,* 365. For like reason it cannot be said that the act of 1915 is repealed by implication by the Municipal Finance Act of 1921. By the express terms of the latter act a "municipality means and includes any city, town or incorporated village in this State, now or hereafter incorporated," and this act nowhere purports to deal with school districts. The two acts are not in conflict, hence the later act will not be construed to repeal the one of earlier date. *S. v. Perkins, supra,* and cases there cited.

Plaintiffs further contend that chapter 722, Public-Local Laws of 1915, violates Article VIII, section 4, of the State Constitution, because it contains no limitation upon the amount of bonds which may be issued thereunder. The section of the Constitution in question makes

it "the duty of the Legislature to provide for the organization of cities, towns, and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent abuses in assessment and in contracting debts by such municipal corporations."

It will be observed that this language is more restricted than that used in Article VII, section 7: "No county, city, town or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officer of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

We have held consistently that school districts are municipal corporations within the meaning of Article VII, section 7, of the Constitution. *Perry v. Comrs.,* 148 N. C., 521; *Smith v. School Trustees,* 141 N. C., 155; *Hollowell v. Borden,* 148 N. C., 256. But apparently in no case, where the question was squarely presented, has it been held that school districts come within the purview of Article VIII, section 4, of the Constitution. In *S. v. Green,* 126 N. C., p. 1034, it was said: "The Constitution, Art. VIII, sec. 4, authorizes the General Assembly to 'provide for the organization of cities, towns and incorporated villages,' and from this it would seem that only those that are thus 'organized' should, in purview of law, come under that head." And again in *Felmet v. Comrs., ante,* p. 254: "The words 'school district' are not within the purview of Article VIII, section 4, of the Constitution."

We are of the opinion that chapter 722, Public-Local Laws of 1915, is not unconstitutional by reason of any failure of the Legislature to limit, in said act, the amount of bonds which may be issued thereunder.

It will be observed that the bonds in question were authorized by an election held on 17 October, 1922, long before the passage of chapter 136, Public Laws 1923, and it is not contended that the validity of said bonds is in any way affected by this later act. In fact, it was conceded on the argument, by counsel for both sides, that the act of 1923 has no application to the facts of this case.

We have examined the remaining exceptions with care—none have been overlooked—but we do not consider them of sufficient moment to warrant any extended discussion. The judgment entered below will be upheld.

Affirmed.