(No. 19289.—

THE PEOPLE *ex rel.* Wallie E. Akin, County Collector, Appellee, *vs.* W. H. JONES *et al.* Appellants.

*Opinion filed December 20, 1928—Rehearing denied Feb. 8, 1929.*

GEORGE W. DOWELL, (L. A. CRANSTON, of counsel,) for appellants.

WALTER W. WILLIAMS, and T. G. LEWIS, (H. E. MORGAN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1927, of the county court of Franklin county the county collector made application for a judgment and order of sale against certain real estate in Sidewalk District No. 3 in the city of Christopher, to pay an installment of a special assessment for a local improvement. Objections were filed by owners of the property, which were overruled, and from the judgment entered against their lots the owners have appealed.

The objections raise three questions: First, that notice of the application was insufficient because the certificate of publication was not in accordance with the statute; second, that the ordinance for the improvement was double and provided for three separate improvements; and third, that the ordinance was not recommended to the council by the board of local improvements.

The objection to the notice was waived by the other two objections, which went to the merits. Where there is an appearance and defense is made to the merits, it makes no difference whether there was a defective notice or no notice at all. (*Hale* v. *People,* 87 Ill. 72; *Cairo, Vincennes and Chicago Railway Co.* v. *Mathews,* 152 id. 153; *McManus* v. *People,* 183 id. 391.) The other two objections go to the merits, but they are not available to the appellants in this proceeding. They should have been presented to the court upon the application to confirm the assessment, and the judgment of confirmation is not subject to collateral attack in this proceeding but is conclusive against the property owners. After a judgment confirming an assessment the only objections available to the land owner on application by the collector for judgment and order of sale are such as go to the jurisdiction of the court to render the judgment of confirmation, and such lack of jurisdiction must appear upon the face of the record of the court in which the judgment was rendered. It cannot be shown by extrinsic evidence. *Walker* v. *People,* 202 Ill. 34; *Thompson* v. *People,* 207 id. 334; *Goldstein* v. *Village of Milford,* 214 id. 528; *People* v. *Second Ward Savings Bank,* 224 id. 191; *People* v. *Martin,* 243 id. 284; *People* v. *Freeman,* 301 id. 562.

The appellants offered oral evidence as to the location of the various parts of the improvement to sustain their objection that the ordinance was double, and evidence of the record of the board of local improvements to sustain their objection that the ordinance was not recommended by

the board, but this extrinsic evidence was not competent. The filing of objections going to the merits was the entry of their appearance, and the sworn report of the collector made a *prima facie* case for the entry of judgment.

The judgment is affirmed.                    *Judgment affirmed.*