D. W. C. PIERCY, et al. v. J. M. WATSON.

*Action to Recover Land—Evidence—Summons in Special Proceedings—Irregularity.*

A summons in a special proceeding by an administrator to sell land for the payment of debts, requiring defendants to appear before the "judge" instead of before the "clerk" of the superior court "and answer the complaint and petition which will be deposited in the office of the clerk of the superior court of said county," is irregular, but not void, and such irregularity does not render the judgment roll in such special proceeding inadmissible as evidence in support of title based thereon in the trial of an action for the recovery of the land sold thereunder.

CIVIL ACTION, for the recovery of land, tried before *Graham, J.*, at Spring Term, 1895, of CHEROKEE Superior Court. The defendant appealed. The facts are stated in the opinion of Associate Justice MONTGOMERY.

*Messrs. Ferguson & Ferguson* and *Ben Posey*, for plaintiffs.

*Mr. J. W. Cooper*, for defendant (appellant).

MONTGOMERY, J. : This is an action brought to recover the possession of a tract of land. The defendant claims by a succession of deeds from one Washburne, who was a purchaser at judicial sale made by one Hyatt, administrator of Piercy, deceased. Hyatt filed a petition for the sale of the land, the proceeds to constitute assets for the payment of the debts of his intestate. The summons was issued and served on the heirs-at-law of Hyatt's intestate, who are the plaintiffs in this action, and two of whom (Richard and Jane) were infants under 21 years of age. The defendants in that proceeding made no appearance, except the infant defendants, (Richard and Jane,) who appeared and answered by their guardian *ad litem*. On the trial below of the case now before the Court, the defendant, to prove title in himself, offered in evidence the summons and judgment roll in the special proceedings mentioned above. His Honor refused to receive the same as testimony on the grounds that the summons was void and the subsequent proceedings thereunder necessarily so, and that the deed made to the purchaser of the land under the decrees and judgments in the special proceeding conveyed no title. As we understand it, from the argument here, there was no question made about the service of the summons on all the defendants. The objection to the summons was that the matter was a special proceeding, and the summons ought to have been

118—62

PIERCY *v.* WATSON.

made returnable before the clerk, but that the defendants were summoned " to be and appear before the judge of our superior court, to be held for the County of Cherokee at the court house in Murphy, on the 27th of May, 1882, and answer the complaint and petition which will be deposited in the office of the clerk of the superior court of said county." The summons was irregular but not void. To the extent that it cited the defendants to appear before the judge, it was misleading; but it also contained the information that there would be a complaint and petition on file in the clerk's office on its return day. It was the duty of the adult defendants to have inquired at the clerk's office to see what was demanded of them in the complaint. The paper bears upon its face evidence of its official origin. It gives notice to the defendants that there would be a matter alleged against them in writing in the clerk's office of their county on a future day certain. If a special appearance had been made for the purpose of dismissing the action for irregularity on the face of the summons, there can be no doubt that the court would have had the power, under Section 273 of *The Code*, to amend by striking out the word "judge." *Redmond* v. *Mullenax*, 113 N. C., 510, and cases there cited. In *Roberts* v. *Allman*, 106 N. C., 391, the summons was issued on July 2, 1883, requiring the defendants to appear " on the fourth Monday after the _____ Monday of November," and this Court decided that the irregularity was slight and that the defendants were compelled to take notice of its requirements. We are of opinion that his Honor was in error in excluding as evidence the summons and the judgment roll, for which there must be a new trial.

There are such gross irregularities and suspicious circumstances appearing in the record in this case that we cannot let them pass without notice. So far as the record dis-

closes, the defendant appears to be an innocent purchaser and for value.   It appears, however, that the person who was appointed by the clerk guardian *ad litem* for the infant defendants in the special proceeding, wherein their land was condemned to pay the debts of their deceased father, had been a judgment creditor of the deceased ; that his judgments were procured more than ten years before the summons was issued, as appears from the petition of the administrator, and that he had assigned the same for less than their value to one Washburne, who was purchaser of the land ; that all of the indebtedness of the decedent was in the shape of a judgment in favor of Washburne for more than $3,000, founded on old judgments in favor of other parties against the decedent, which he had had assigned to him ; that the land was bid off by one Schenck, the terms being 10 % cash and the balance on 6 and 12 months' time, the purchaser not being required to take security for the deferred payments, and that he assigned his bid afterwards to Washburne, the holder of the judgments ; that another Hyatt was appointed a referee to ascertain the indebtedness of the deceased, and that he reported the indebtedness consisting altogether of the judgment in favor of Washburne, before described, without giving its date or the dates of the old judgments on which it was founded ; that all the papers from the summons, including a judgment for the sale of the land in the proceedings before the clerk, were alleged to have been lost.   It appears also that, though the guardian *ad litem* in his first answer denied that the intestate, the father of his wards, owed the debts set out by the administrator in his petition to sell the land, yet the clerk, instead of sending the fact on to be tried in the superior court in term time, ignored the answer and gave judgment for sale of the land.   The issue raised before the clerk was never tried.   It appears also that the

guardian *ad litem* did not insist in the superior court, where new pleadings were substituted for those alleged to have been lost, on the trial of the issue raised before the clerk, but let it go off on the reference of the matter to Hyatt, who was doubtless a kinsman of the administrator. The answer of the guardian *ad litem*, too, in the superior court before the judge, was totally unlike the answer filed before the clerk. In the answer filed before the clerk, he denied the indebtedness positively, and also pleaded the Statute of Limitations ; while, in the one before the judge, he simply said in substance, " I don't know," and did not plead the statute.

From all the foregoing it seems that the infant defendants were not properly defended in the special proceeding, but as the rights of an innocent purchaser have intervened, and the proceeding seems to have been regular, they are concluded.

In the present action there was error in the ruling of his Honor in excluding the evidence offered by the defendant, and there must be a new trial.

New Trial.