## BEN SIMON v. G. H. MASTERS.

(Filed 15 December, 1926.)

**1. Pleadings—Answers—Defenses—Counterclaim.**

Where the answer to the complaint sets up no new matter but its allegations are entirely in defense, a replication by the plaintiff is unnecessary. C. S., 525.

**2. Judgments, Irregular—Motions in the Cause—Judgment Set Aside—Pleadings—Issues—Counterclaim.**

In plaintiff's action to recover damages of the defendant for failing to make a sufficient conveyance of his lands under a contract to do so, and the answer sets up a defense which, from its expression, the clerk erroneously regarded as a counterclaim, but which raised issues of fact for the jury, a judgment of the clerk denying relief to plaintiff is irregular, affording a remedy to plaintiff by motion in the cause.

APPEAL by defendant from *Schenck, J.,* of BUNCOMBE. Affirmed.

*Charles B. McRae for plaintiff.*
*Zeb. V. Nettles and Z. W. Hayes for defendant.*

ADAMS, J. On 6 February, 1926, the plaintiff and the defendant entered into a written agreement by the terms of which the defendant was to sell to the plaintiff a parcel of land in the city of Asheville free from all encumbrances except a lien for thirty-five hundred dollars. The consideration was $13,710, and of this sum the plaintiff paid $500 upon the execution of the contract. The plaintiff alleges that after the contract was made he discovered that the defendant's title was encumbered by a restrictive covenant that the property should not be sold or rented to any person of a designated race for a term of ninety-nine years. He then brought this suit to recover the sum he had paid on the purchase price.

The defendant denied the material allegations in the complaint and by way of a further answer alleged in substance that the plaintiff had failed to comply with his contract and that the defendant had performed all the conditions required of him and had tendered the plaintiff a title which was not encumbered and had demanded payment of the remainder due on the purchase price.

No reply was filed to the further defense, which was entitled a counterclaim also, and on 28 June, 1926, the clerk of the Superior Court gave judgment by default against the plaintiff for $13,210 with interest thereon from 6 March, and adjudged that upon the payment thereof the defendant should execute and deliver to the plaintiff a deed to the premises as provided in the contract; also that the property be sold in default of such payment.

Upon learning of the judgment the plaintiff made a motion to set it aside. The motion was denied by the clerk and an appeal was taken to the judge who vacated the clerk's judgment and declared it void. The defendant excepted and appealed.

The allegations set up in the answer do not contain new matter constituting a technical counterclaim, but are intended as a defense to the plaintiff's cause of action, which of itself is a denial of the alleged counterclaim. It was, therefore, not necessary for the plaintiff to file a reply. C. S., 525: *Galloway v. Goolsby,* 176 N. C., 635; *Tillinghast v. Cotton Mills,* 143 N. C., 268. The judgment by default destroyed the plaintiff's cause, root and branch; if it stands the plaintiff is without remedy. The defense is clearly dependent upon the plaintiff's failure to make good his allegations; if he succeeds the defense fails. It is plainly a case in which issues are raised upon the face of the pleadings. The clerk's determination of these issues resulted in an irregular judgment remediable by motion in the cause. *Finger v. Smith,* 191 N. C., 818, 819.

The judgment rendered by *Judge Schenck* is

Affirmed.