WILLIAMS-FULGHUM LUMBER COMPANY v. I. M. WELCH.

(Filed 22 May, 1929.)

**1. Pleadings E a—Allegations of counterclaim deemed denied when not served on plaintiff.**

Public Laws of 1924, ch. 18, providing that an answer of defendant setting up a counterclaim will be deemed denied unless a copy thereof is served on the plaintiff or his attorney, is not referred to in Public Laws of 1927, ch. 66, and construing the two acts together there is no repugnancy between them so as to repeal by implication the former law on the subject.

**2. Statutes C b—Repeal of statute by implication is not favored.**

Repeals of statutes by implication or construction are not favored by the courts, and for a later statute to repeal a former one the repugnancy between them must be clear, and then the repeal will operate only to the extent of the repugnancy.

**3. Judgments D a—Judgment by default on counterclaim properly set aside in this case.**

It is proper for the judge of the Superior Court to set aside a judgment by default on defendant's counterclaim under the provisions of Public Laws of 1924, ch. 18, when the plaintiff, or his attorney, is not served with a copy thereof, since the law denies the allegations of the counterclaim when such service is not made.

APPEAL by defendant from *McElroy, J.,* at December Term, 1928, of BUNCOMBE.

Civil action wherein plaintiff seeks to recover for breach of contract in connection with the sale of a certain quantity of lumber. Summons issued and complaint filed 25 November, 1927. Defendant answered 10 December, 1927, denied liability and set up a counterclaim for $3,600.

The answer of the defendant, containing said counterclaim, was not served upon the plaintiff, and no answer, demurrer, or reply denying the same, was filed by the plaintiff; whereupon, on 26 March, 1928, judgment by default and inquiry was entered against the plaintiff and in favor of the defendant on said counterclaim.

Thereafter, 21 December, 1928, on motion of plaintiff, said judgment by default and inquiry was set aside on the ground that no copy of the answer, containing the counterclaim, was ever served on the plaintiff or its attorney.

From this order, vacating the default judgment, the defendant appeals, assigning error.

*Wells, Blackstock & Taylor for plaintiff.*
*Hoyle & Rudisill, W. A. Sullivan and J. M. Horner, Jr., for defendant.*

STACY, C. J. It is provided by chapter 18, Public Laws, Extra Session, 1924, among other things, that "if a counterclaim is pleaded against any of the plaintiffs and no copy of the answer containing such counterclaim shall be served upon the plaintiff or plaintiffs or his or their attorneys of record, such counterclaim shall be deemed to be denied as fully as if the plaintiff or plaintiffs had filed an answer or reply denying the same." Clearly, under this provision of the law, the trial court was correct in setting aside the judgment entered by default and inquiry on the defendant's counterclaim.

But it is contended on behalf of the defendant that chapter 18, Public Laws, Extra Session, 1924, was repealed by chapter 66, Public Laws, 1927, for in the latter act it is provided that "The defendant shall, when he files answer, likewise file at least one copy thereof for the use of the plaintiff, and his attorney; and the clerk shall not receive and file any answer until and unless such copy is filed therewith."

The 1924 act deals exclusively with counterclaims, while no specific reference is made to counterclaims in the 1927 act. Hence it could hardly be said that a repeal was intended by the Legislature or that such has resulted by operation of law. *S. v. Perkins,* 141 N. C., 797, 53 S. E., 735. Repeals by implication are not favored by the law, and it is the policy of the courts to avoid such construction unless the repugnancy between a subsequent act and one of prior date be irreconcilable. *Bunch v. Commissioners,* 159 N. C., 335, 74 S. E., 1048. "Repeals by implication or construction are not favored, and for such a repeal to take effect, the repugnancy between the latter statute and one of earlier date must be clear, and only then will the repeal operate to the extent of such repugnancy." *Waters v. Commissioners,* 186 N. C., 719, 120 S. E., 450. To like effect is the decision in *Litchfield v. Roper,* 192 N. C., 202, 134 S. E., 651.

No such irreconcilable conflict exists between the two statutes now under consideration. Hence, it would appear, from a proper construction of both statutes, that unless a copy of the answer containing a counterclaim, is served on the plaintiff or his attorney, the allegations going to make up the counterclaim are to be considered and dealt with as denied.

It follows, therefore, that the defendant has no just cause for complaint at the action of the trial court in allowing the motion of the plaintiff to strike out the judgment entered by default and inquiry on his counterclaim.

Affirmed.