M. C. COOK, D. C. JOHNSON AND MAGGIE JOHNSON HARRIS, ADMINISTRATORS OF S. E. JOHNSON, DECEASED, v. J. WILEY BRADSHER AND RUFUS H. JOHNSON, TRUSTEE FOR J. WILEY BRADSHER.

(Filed 8 January, 1941.)

1. **Clerks of Court § 3—**

   The clerk of the Superior Court is a court of very limited jurisdiction and has only that authority given by statute.

2. **Judgments § 9—**

   The clerk of the Superior Court is given no authority to render a judgment by default final for want of an answer in an action for the cancellation of a deed of trust and for surrender of notes secured thereby upon tender by plaintiffs to defendant of the balance claimed by plaintiffs to be due upon the notes. Public Laws, Extra Session 1921, ch. 92, sec. 1 (9), 12; C. S., 595.

**3. Judgments § 22b—**

A judgment by default final entered by the clerk in an instance in which he is without authority to enter such judgment is subject to attack, and may be set aside and vacated upon motion in the cause.

Appeal by defendants from *Stevens, J.,* at October Civil Term, 1940, of Person.

Civil action instituted 2 September, 1938, for cancellation of deed of trust and for surrender of notes secured thereby, heard upon motion in the cause to set aside judgment by default final entered by clerk of Superior Court upon the failure of defendants to file answer within the time allowed by law.

Plaintiffs, in their complaint, allege substantially these facts:

(1) That on 31 March, 1924, as evidence of balance of purchase price of a certain lot of land in Person County conveyed to them by defendant, J. Wiley Bradsher, and his wife, plaintiff M. C. Cook and S. E. Johnson executed and delivered to J. Wiley Bradsher nine promissory notes in the amount of $200 each, bearing interest from date, and maturing one each year, the first on 1 April, 1925, and the last 1 April, 1933, and as security therefor they executed to defendant, Rufus H. Johnson, as trustee, a deed of trust on the land so purchased, which deed of trust was duly registered.

(2) That at the time of the purchase of the land, as above stated, the parties agreed verbally that M. C. Cook should have the southern part of the lot upon which is located a blacksmith shop, and that S. E. Johnson should have the northern part; that thereafter and at request of defendant, J. Wiley Bradsher, plaintiff M. C. Cook, for a rental of $5.00 per month, rented the blacksmith shop to Rufus H. Johnson, who was to pay the rent to defendant J. Wiley Bradsher, to be credited upon the purchase money notes above described; that Rufus H. Johnson took possession of the shop at once and has remained in possession of same from that date until the present time; and that "plaintiffs are informed, believe and allege that he has paid the rent to J. Wiley Bradsher, and that M. C. Cook is entitled to credits of $5.00 each and every month from date until the shop is surrendered by Rufus H. Johnson."

(3) "That both M. C. Cook and S. E. Johnson have made numerous payments on the notes . . ."

(4) That plaintiffs, D. C. Johnson and Maggie Johnson Harris, who on 20 December, 1937, were duly appointed administrators of the estate of S. E. Johnson, who died intestate on 4 December, 1937, "advertised for creditors as provided by law, and have given J. Wiley Bradsher personal notice of the administration and requested him to file his account, and he has failed and refused . . . to file an itemized

verified account as required by law," and that on request of plaintiff M. C. Cook he has failed and refused to render a statement of the amount due.

(5) "That according to the records kept by the plaintiffs, the amount now due J. Wiley Bradsher on account of said notes, with interest calculated to October 1, 1938, is $290.08, of which amount S. E. Johnson's estate is due the sum of $180.29, and M. C. Cook is due $109.79;" and that "M. C. Cook is due to J. Wiley Bradsher the sum of $97.59, with interest from September 22, 1937, to October 1, 1938, amounting to $5.90 . . . for a new metal roof placed on the blacksmith shop . . ." that is, "the total amount due J. Wiley Bradsher as of October 1, 1938, is $393.57."

(6) That "plaintiffs hereby tender to J. Wiley Bradsher the sum of $393.57 in full payment of all amounts due him and to pay the money into the office of the clerk of the Superior Court of Person County, North Carolina."

On Monday, 7 November, 1938, the assistant clerk of Superior Court of Person County entered judgments in which, after finding that plaintiffs had paid into court the sum of $393.57, that time for filing answer had expired on 20 October, 1938, and that both defendants had failed to file answer, it is adjudged that "J. Wiley Bradsher recover from the plaintiffs the sum of $393.57; that from said amount the defendant J. Wiley Bradsher pay the cost of this action amounting to $........ .. , and the defendants J. Wiley Bradsher and Rufus H. Johnson are hereby ordered and directed to cancel the deed of trust . . . and the defendant J. Wiley Bradsher is further directed to deliver to M. C. Cook and D. C. Johnson and Maggie Johnson Harris, administrators, all notes that he now has in possession for the purchase price of the lots described in the complaint in this action, together with the deed of trust as set out above."

On 3 August, 1940, defendants, through their attorneys, filed motion in the cause, moving the court to set aside and vacate the said judgment for that the clerk of Superior Court is without jurisdiction to enter judgment by default final in this action, and for that in the complaint no cause of action is stated against the defendants by the plaintiffs, administrators.

In the motion it is stated that at the time of the filing of this action J. Wiley Bradsher held eight of said promissory notes, secured by the deed of trust, and that "there is now due and owing and unpaid on said notes and deed of trust the approximate sum of $1,600.00 principal and $ ........... interest, all of which is fully set out in answer by the movants filed in a second suit pending in the Superior Court between the same parties to this action, which is referred to and asked to be taken as a

part of the motion. In the further defense therein, and for affirmative relief, the defendants aver that S. E. Johnson and M. C. Cook have paid in full note No. 1, and same has been delivered to them; that they have also paid $432.95 on the accrued interest; that, after allowing all credits and offsets, M. C. Cook and the estate of S. E. Johnson owe J. Wiley Bradsher the sum of $2,940, principal and interest; that the action is prematurely instituted, that is, within one year next after the appointment of administrators of the estate of S. E. Johnson, which estate is insolvent.

Without waiving any rights the attorneys for the parties agreed that the motion be heard by the judge holding court at October Term of Person County. The judge holding said term being of opinion that the judgment of the clerk of Superior Court "is in all respects valid and binding," denied the motion and adjudged that "the judgment of the clerk, dated November 7, 1938, be, and the same is hereby, in all respects approved and confirmed."

Defendants appeal therefrom to Supreme Court, and assign error.

*Nathan Lunsford and Melvin H. Burke for plaintiffs, appellees.*
*Cooper A. Hall and F. O. Carver for defendants, appellants.*

WINBORNE, J. In brief of plaintiffs, appellees, it is stated that "The only question involved is the legality of the judgment signed by the clerk of Superior Court of Person County, November 7, 1938." Upon that arises this question:

When defendants in this action failed to answer, did the clerk of Superior Court have authority, upon the allegations of the complaint, to render a judgment by default final? The statute points to a negative answer. Public Laws, Extra Session 1921, ch. 92, subsection 12 of section 1.

In this State the clerk of Superior Court is a court of very limited jurisdiction, having only such authority as is given by statute. *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579; *Beaufort County v. Bishop,* 216 N. C., 211, 4 S. E. (2d), 525.

The statute, Public Laws, Extra Session 1921, ch. 92 relating to civil procedure in regard to process and pleadings, and to expediting and to reducing the cost of litigation, provides in subsection 9 of section 1 that "if no answer is filed, the plaintiff shall be entitled to judgment by default final or default and inquiry as authorized by sections 595, 596 and 597 of Consolidated Statutes of 1919, and all present or future amendments of said sections"; and in subsection 12 of section 1, that "the clerks of the Superior Courts are authorized to enter the following

judgments: (a) All judgments of voluntary nonsuit; (b) all consent judgments . . . (c) in all actions upon notes, bills, bonds, stated accounts, balances struck, and other evidences of indebtedness within the jurisdiction of the Superior Court. (d) All judgments by default final and default and inquiry as are authorized by sections 595, 596, 597 of the Consolidated Statutes, and in this act provided." It is noted that C. S., 596, pertains to judgments by default and inquiry, and C. S., 597, to judgments by default on counterclaims set up by answer. Under C. S., 595, judgment by default final may be had on failure of defendant to answer "(1) When the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay, absolutely or upon a contingency, a sum of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation . . ."

Other sections are patently not applicable here.

Applying these statutes to the facts alleged in the complaint in the present action, and by process of elimination, it is seen that the clerk of Superior Court is given no authority to enter the judgment sought to be set aside and vacated. The action is not upon notes, bill, bond, stated account, balance struck or other evidence of indebtedness. It is not to recover for "the breach of an express or implied contract to pay . . . a sum of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation." But, rather, the purpose is for the cancellation of a deed of trust and for surrender of notes secured thereby upon payment by the plaintiffs to defendant of an amount of indebtedness which plaintiffs alleged they owe to defendant on their notes. Indeed, the judgment is in favor of defendants and against the plaintiffs, and taxes the defendants with the cost.

The clerk having undertaken to act in a case in which he has no authority to render a judgment by default final, the purported judgment is subject to attack and may be set aside and vacated. Hence, there is error in the judgment below. The cause will be remanded for further proceedings on the motion of defendants in the light of this opinion and in accordance with law in such cases.

We deem it inappropriate at this time to advert to the further contention of appellant that, in so far as the plaintiffs, administrators, are concerned, the action is not maintainable within one year next after their appointment.

The judgment below is

Reversed.