P. R. MILLER AND WIFE, MATTIE MILLER, v. O. D. GRIMSLEY AND WIFE, PRUDE GRIMSLEY.

(Filed 10 December, 1941.)

**1. Pleadings § 12—**

Where no service of answer is made upon plaintiffs they are under no compulsion to file a reply even though the answer sets up a counterclaim, since the law denies the counterclaim for them. C. S., 524.

**2. Pleadings § 13—**

Plaintiffs may file a reply to new matter appearing in the answer by way of counterclaim, but by express provision of statute the allegations of the reply must not be inconsistent with the complaint. C. S., 525.

**3. Same—**

Plaintiffs' complaint admitted defendants owned certain timber within the boundaries of their land because of a reservation in the deed from defendants to plaintiffs. After answer, plaintiffs filed a reply alleging that the reservation of timber rights was void for vagueness of description. *Held:* Portions of the reply attacking the validity of the reservation were properly stricken upon defendants' motion, since such allegations were inconsistent with the complaint.

APPEAL by plaintiffs from *Thompson, J.,* at May Term, 1941, of ROBESON. Affirmed.

*Caswell P. Britt, T. A. McNeill, and George T. Deans for plaintiffs, appellants.*
*L. J. Britt and McLean & Stacy for defendants, appellees.*

SEAWELL, J. The plaintiffs brought this action to have themselves declared the owners and entitled to the possession of certain lands upon which they allege the defendants have wrongfully entered, and to have the defendants permanently enjoined from cutting and removing timber therefrom, and for recovery of $35.00 damages which they claim has already been inflicted by defendants' trespass. In their complaint they set out a description of the land in controversy, admitting that there is an exception of "one corner of said tract containing about one acre, the same being reserved to the defendants for the purpose of preserving the timber thereon and the same being from the beginning corner in the edge of Ashpole Swamp, and also being the corner of D. M. Rogers' estate, and runs across said tract of land herein referred to, to what is known as Marl-bed, which is located just South about 100 yards West of run of Ashpole Swamp," which the complaint alleges "represents all the right, title, and interest" which the defendants have in the land.

The answer denied the material allegations of the complaint and set up a deed, under which plaintiffs claim, containing the following reservation: "O. D. Grimsley hereby reserves timbers from Marl-bed to beginning corner." In a further answer defendants repeat their claim of title to the timber on the reservation above set out, and deny that they have cut timber anywhere else on the land. They demand judgment that they are the owners of the timber.

Replying, the plaintiffs, denying material allegations in the answer, attack the reservation made in the deed as being insufficient for any purpose because of its vagueness of description, and assert title thereto in paragraphs 5, 6, and 7, reading as follows:

"5. That said sentence and language attempts to reserve an indefinite and undetermined quantity or amount of timber, and does not specify any particular kind, quality or size of timber, nor does said language specify any particularly described tract of land or amount of land upon which to locate said timber, nor is any particular time for removal thereof stated; and said language is so vague, indefinite and uncertain that any timbers so attempted to be reserved cannot be known or ascertained, and such attempt to so reserve timber is void for uncertainty.

"6. That said language is vague and indefinite and the lands referred to in said attempt to reserve timber is not described with sufficient particularity and certainty to admit of its true location, in that it only refers to a Marl-bed and 'beginning corner' without fixing any boundaries or any acreage, and without referring to any natural or fixed objects or anything extrinsic by which the land could or can be located and made certain, and such attempted reservation is therefore void for uncertainty.

"7. That plaintiffs' deed was made and executed by defendants May 12, 1920, and if said attempted reservation is valid, which is denied, then the defendants are entitled only to such trees as were large enough to be sawmill or saw stock timber at the time of the execution of said deed on May 12, 1920."

Defendants moved to strike the above paragraphs from the answer because the claims made therein "are in direct conflict and contradictory" to the complaint. At the May Term, 1940, Judge Thompson, over objection, struck out these paragraphs of the reply and plaintiffs excepted and appealed.

It was admitted upon the hearing here that no service of defendants' answer had been made upon the plaintiffs.

Under our present system of pleading plaintiffs were under no compulsion to file a reply to the answer, whether it be regarded as setting up a counterclaim as plaintiffs contend, or otherwise. No service of answer having been made upon them or their attorney or attorneys of record, the law denies the counterclaim for them. C. S., 524; *Simon*

*v. Masters,* 192 N. C., 731, 135 S. E., 861; *Fishblate v. Fidelity Co.,* 140 N. C., 589, 594, 53 S. E., 354; *Williams v. Hutton,* 164 N. C., 216, 80 S. E., 257; *Smith v. Bruton,* 137 N. C., 79, 49 S. E., 64. It was proper for them to reply, if they saw fit, to new matter appearing by way of counterclaim, denying the same or alleging "any new matter not inconsistent with the complaint" constituting a defense thereto. C. S., 525. But, from the very language of the statute, the reply must not be inconsistent with the complaint. *Berry v. Lumber Co.,* 183 N. C., 384, 386, 111 S. E., 707.

In the case at bar plaintiffs admit in the complaint that defendants own certain timber within the boundaries of the land they claim, because of a reservation in the deed under which they claim. In the reply they attempt to dispute this claim, basing the attack on the vagueness of description. With the ground of attack we do not, at present, deal; but only with the procedure. Plaintiffs could not amend their complaint by recasting the cause of action in the reply, through the introduction of substantially inconsistent matter.

The order striking out the designated parts of the reply is

Affirmed.