Civil action to recover upon judgment, heard upon motion to dismiss entered upon special appearance.
Plaintiffs in their complaint filed allege that on 2 October, 1933, plaintiff North Carolina Joint Stock Land Bank of Durham obtained a certain judgment against defendant J. H. Aycock in Superior Court of Durham County, North Carolina, which was duly docketed, and thereafter on 23 December, 1942, duly assigned to plaintiff W. L. Totten, and that there is a specified balance due thereon for which defendant is indebted to plaintiff, and which judgment "is not barred by the statute of limitation."
Defendant entered a special appearance on 21 October, 1943, and moved to dismiss the action for that the court has no jurisdiction over *Page 838 
person of defendant "for want of proper service of summons" in that although the original summons in this case bears date 30 September, 1943, and shows that when it was received on 1 October, 1943, and served 5 October, 1943, by sheriff of Johnston County, it had not then been signed by clerk of Superior Court of Durham County and was not signed by the clerk until 7 October, 1943. Upon hearing the motion of defendant, affidavits filed and oral evidence taken, the court finds these facts:
"1. This is an action to renew a judgment bearing date of October 2, 1933.
"2. On the 30th day of September, 1943, the plaintiff, Totten, filed the pleadings in this action in the office of the Clerk of the Superior Court of Durham County and requested that summons be issued; that on said date the Assistant Clerk of the Superior Court of Durham County docketed this action on the summons docket and sent by mail the summons which appears in the record, bearing date of September 30, 1943, to the Sheriff of Johnston County, together with a copy of the same and a copy of the complaint in this action; that said original summons at the time it was transmitted by said Assistant Clerk of the Superior Court of Durham County to the Sheriff of Johnston County was in every respect complete except that it did not contain the signature of the Clerk or of the Assistant Clerk or anyone in the Clerk's office on the blank line at the bottom prepared for such signature, the said signature having been inadvertently omitted; that it did have affixed thereto the seal of the Clerk of the Superior Court of Durham County; that the said Assistant Clerk enclosed in the letter transmitting said summons to the Sheriff of Johnston County a check drawn and signed by said Assistant Clerk and payable to said sheriff for the service fees due said sheriff.
"3. That the said sheriff served said summons upon the defendant on the 5th day of October, 1943; and, upon discovering after he had got back to his office that the original summons was not signed by the Clerk, he did not complete his return on the same and sent the said summons back to said Clerk for signature.
"4. That the said Assistant Clerk of the Superior Court of Durham County signed said summons on the appropriate line on the 6th day of October, 1943, and returned it to the said sheriff, who then completed his return on the back of the summons and returned it to the said Clerk's office.
"5. That plaintiffs, at the hearing on the defendant's motion, did not file any written motion for permission to amend the summons by directing that the same be signed by the Clerk; but there was a discussion of the right to have said summons so amended, and before judgment was *Page 839 
entered the plaintiffs requested that the Court order the said summons so amended and direct the Clerk to sign the same, which request the Court treated as a motion by the plaintiffs to have said summons so amended."
The court also made further findings which are not necessary to decision on this appeal. Upon these findings "the court in its discretion allows the plaintiff's motion to amend the summons and orders that the act of "the Assistant Clerk of the Superior Court in affixing his signature to the summons on the 6th day of October, 1943, be approved and said act of said Assistant Clerk of the Superior Court is hereby ratified by the Court, and it is ordered that said signature shall be valid for all intents and purposes as though it had been affixed on the date of the issuance of said summons. The motion of the defendant to dismiss the action is, therefore, denied. The defendant is allowed thirty (30) days from the date of this order within which to answer, demur or file such other pleadings as he may desire to file."
Defendant appealed therefrom to the Supreme Court and assigned error.
The sole question presented for decision is whether the court had the power, in its discretion, and under facts of record, to allow the summons to be amended by affixing thereto the signature of the clerk. The applicable statute and the decisions of this Court answer "Yes." G.S., 1-163, formerly C. S., 547, and Henderson v. Graham, 84 N.C. 496; Jacksonv. McLean, 90 N.C. 64; Hooker v. Forbes, 202 N.C. 364, 162 S.E. 903. Compare Redmond v. Mullenax, 113 N.C. 505, 18 S.E. 708.
While plaintiff alleges in the complaint that the judgment sued on is not barred by the statute of limitations, there is yet no plea of such statute, and the question is not now before the Court. Any debate, therefore, as to whether the amendment relates to date of summons or to date of amendment would be dicta, and no decision is made on the subject.
The judgment below is
Affirmed. *Page 840