JOSHUA BOONE AND WIFE ROSA L. BOONE v. I. J. SPARROW AND WIFE LUCILLE M. SPARROW, LYMAN P. GRANT AND WIFE LUCILLE S. GRANT.

(Filed 16 April, 1952.)

**1. Taxation § 40b—Methods of foreclosing tax sale certificate.**

A tax sale certificate may be foreclosed by either of two methods: (1) the purchaser may institute an action for this purpose, G.S. 105-391, in which action any other taxing unit having tax or assessment liens must be made a party defendant unless it joins as a party plaintiff, and may prosecute the action to final judgment even though the claim of the plaintiff be satisfied while the action is pending; (2) or the taxing unit may file the certificate in the office of the clerk of the Superior Court, who must docket it upon the judgment docket, in which event it has the force and effect of a judgment, and execution may issue thereon against the property of the tax debtor, G.S. 105-392. G.S. 105-393, G.S. 105-394, and G.S. 105-395 relate to both methods.

**2. Taxation § 40c—**

A taxing unit may foreclose its tax lien, irrespective of any tax sale certificate, by action under G.S. 105-414 in the nature of an action to foreclose a mortgage, subject to the provisions of G.S. 105-391 (f) to (v), and in such action the judgment shall provide for the payment out of the proceeds of sale of all taxes then assessed upon the property and remaining unpaid and for the payment of such sums as may be required to redeem the property, G.S. 105-408.

**3. Process § 1—**

The summons must be signed by the clerk, G.S. 1-89.

**4. Same: Process § 3—**

The failure of the clerk to sign summons may be cured by amendment provided the summons bears internal evidence that it was issued from the clerk's office for the purpose of bringing the defendant into court to answer a complaint, G.S. 1-163, but such failure cannot be cured by amendment when there is nothing on the face of the paper to give assurance that it received the sanction of the clerk before it was delivered to the sheriff to be served, since in such event it is not a defective summons but no sum-

mons at all. Voluntary appearance dispenses with the necessity of summons and cures any defect.

**5. Pleadings § 10—**

Where a counterclaim is not served on the party sought to be charged its allegations are deemed to be denied, and this rule applies to a cross action against a codefendant as well as one against plaintiff. G.S. 1-140.

**6. Taxation § 40c—**

Where, in an action by a county to foreclose a tax lien under G.S. 105-414, a municipality made a defendant elects to file a cross action against the tax debtor for taxes due it, G.S. 105-391 (j), its answer must be served on the tax debtor, since otherwise the tax debtor would have no legal notice thereof requiring him to defend.

**7. Judgments § 9—**

The clerk has jurisdiction to enter a default judgment only in those instances enumerated by statute, G.S. 1-209, and he may not enter such judgment if issues of fact are raised by the pleadings either by express denial or denial by implication of law arising from failure to serve a cross action upon the party sought to be charged. G.S. 1-174, G.S. 1-273, G.S. 1-171.

**8. Judgments § 27b—**

Where the court entering a judgment is without jurisdiction, the judgment is void and a nullity.

**9. Same: Courts § 2: Judgments § 18—**

Notice and an opportunity to be heard are prerequisites of jurisdiction, and jurisdiction is a prerequisite of a valid judgment.

**10. Judgments § 17a—**

The judgment of a court draws its life and vitality from the judgment roll.

**11. Taxation § 40g—**

It is the duty of the purchaser of a tax title to investigate or cause to be investigated all sources of title, and where the judgment roll in a tax foreclosure by a county discloses that the municipality from which tax title was derived failed to serve its counterclaim for taxes upon defendant tax debtor, the purchaser is charged with notice of this fatal defect of jurisdiction in the rendition of a default judgment for the municipal taxes.

APPEAL by plaintiff from *Grady, Emergency Judge,* November Term, 1951, LENOIR. Reversed.

Civil action to remove cloud from title to real property.

On 22 December 1948 plaintiffs were the owners of a tract of land in the City of Kinston, Lenoir County. On 12 February 1949, the sheriff of Lenoir County served on them an unsigned summons dated 22 December 1948, together with a complaint captioned "Lenoir County *v.* Joshua Boone and wife Rosa L. Boone" and certain other named defendants including the City of Kinston. Service was likewise had on the City of

Kinston on the same date. The complaint served on the plaintiffs herein alleged a cause of action for the foreclosure of the tax lien of the county for the year 1938. It alleged that taxes were also due for the years 1928 to 1937, both inclusive, and the years 1939 to 1947, both inclusive.

On 28 January 1949, prior to the service of summons on it and prior to the delivery of the summons to the sheriff for service, the defendant city filed an answer in which it admitted the allegations of the complaint and pleaded a cross action against the defendants Boone for the foreclosure of its tax lien for the year 1938. It further alleged that taxes on said property for the years 1926 to 1937 and from 1939 to 1947 were due and unpaid. It prayed that said taxes be adjudged a lien on said property and that a commissioner be appointed "as prayed in the complaint" to make sale of said property and apply the proceeds to the payment of said liens. This answer was not served on the defendants Boone.

The defendants Boone (plaintiffs herein) paid all taxes due the plaintiff county in said foreclosure action except the taxes for the year 1947.

On 9 April 1951 defendant city filed an affidavit for service of summons on the individual defendants other than plaintiffs herein and service on said defendants by publication was duly had.

On 25 June 1951 the clerk entered an interlocutory order, on motion of counsel for defendant city, appointing a commissioner and directing a sale of the property to satisfy the tax liens of said city. In this order the clerk found as a fact "that all matters and things in controversy on the part of the plaintiff Lenoir County have been settled, except for taxes due Lenoir County for the years 1947, 1948, 1949, 1950 and 1951." He further found "that the defendant City of Kinston is entitled to have said lands condemned for foreclosure and sale for the satisfaction of its said tax lien for the year 1938, and for the payment and satisfaction of all other taxes, with penalties . . ."

He thereupon, on motion of counsel for said city, adjudged:

(1) "That the Answer of the defendant City of Kinston herein filed and each and every allegation thereof be, and the same is hereby taken for admitted and confessed by the defendants and each of them."

(2) That defendant city have and recover judgment in the amount of the taxes alleged to be due together with interest, etc., especially for $25.54 for taxes due for the year 1938.

(3) That said taxes for the year 1938 constitute a lien upon said property and that the defendant city has a lien for all taxes listed in the certificate filed by it.

(4) That said land is condemned for the payment of said liens and the lien of Lenoir County, and

(5) That all right, title, etc., of the tax debtor and the other individual defendants are forever foreclosed.

BOONE *v.* SPARROW.

A commissioner was appointed with directions that he sell said land for the satisfaction of said liens as therein provided.

The commissioner sold the land as therein directed. Said sale was confirmed by order entered 9 August 1951 and the commissioner executed his deed to the purchasers, the defendants herein, on the same date.

On 11 September 1951 plaintiffs instituted this action to remove the cloud cast upon their title by said commissioner's deed.

When the cause came on for trial in the court below the parties waived trial by jury and submitted the cause to the judge to find the facts and render judgment on the facts found and the judgment roll in the foreclosure action.

The court found certain facts including the finding that plaintiffs were guilty of laches in failing to defend said action and concluded:

(1) That there is no incurable defect in the summons;

(2) That the judgment roll discloses jurisdiction of the parties and the subject matter of the foreclosure action; and

(3) That defendants herein are fully protected by the judgment entered in the foreclosure action.

It thereupon adjudged that defendants are the absolute owners of the *locus* and are entitled to the immediate possession thereof together with rent at $10 per month and the cost of the action. Issuance of a writ of assistance was directed.

*Jones, Reed & Griffin for plaintiff appellants.*
*H. Frank Owens and J. Harvey Turner for defendant appellees.*

BARNHILL, J. The sheriff of a county must report delinquent taxpayers on the first Monday in April next after the year in which the tax was assessed, and he must sell the land of the delinquent taxpayers to satisfy the taxes due on the first Monday of the following May. The requirement is the same as to cities and towns except that the report is to be made on the second Monday in April and the sale had on the second Monday in May. G.S. 105-387.

Upon making sale of the land of a delinquent taxpayer, the sheriff is required to issue to the purchaser a tax sale certificate. G.S. 105-388. However, if the taxing unit becomes the purchaser, the certificate is issued only at its election.

There are two distinct alternate methods provided by statute for the foreclosure of a tax sale certificate or the lien evidenced thereby.

1. After the land has been sold by the sheriff and a certificate of sale has been issued, the purchaser may institute an action to foreclose the lien evidenced by the certificate. G.S. 105-391. This section of the Code provides the regulations and procedure respecting an action instituted

pursuant to this method. Among these are the requirements (a) that any other taxing unit having tax or assessment liens must be made party defendant unless such other taxing unit joins as a party plaintiff, and (b) if the claim of the plaintiff is satisfied while the action is pending, the defendant taxing unit may continue the action to final judgment for the satisfaction of its own lien alleged in its answer.

2. Under G.S. 105-392 the taxing unit may file in the office of the clerk of the Superior Court a sheriff's certificate of sale of land to satisfy taxes. Thereupon, the clerk must docket the certificate upon his judgment docket. It then has the full force and effect of a judgment, and execution may issue thereon against the property of the tax debtor.

These two sections of the Code are parts of General Statutes, ch. 105, art. 27; and G.S. 105-393, 394, and 395 relate to both methods.

General Statutes, ch. 105, art. 32, provides still another method or proceeding for the foreclosure of the lien created by the assessment of a tax which is not dependent upon a sale by the sheriff and is not bottomed on a tax sale certificate. This method, which is the oldest now in existence, is expressly preserved as an alternate method for the foreclosing of tax liens in G.S. 105-395, with the proviso, however, that the provisions of subsections (f) to (v) inclusive of G.S. 105-391 shall apply in any such foreclosure action brought under G.S. 105-414.

G.S. 105-414 (formerly C.S. 7990) is a part of General Statutes, ch. 105, art. 32, and provides that any taxing unit may institute an action to foreclose its tax lien. This action is founded on the original tax lien and not upon a tax certificate of sale as in the other two alternate methods. When the action is instituted under this provision of the statute, it must be conducted as in case of a foreclosure of a mortgage.

G.S. 105-408 provides that in all judicial sales had to satisfy tax liens, the judgment shall provide for the payment, out of the proceeds of sale, of all taxes then assessed upon the property and remaining unpaid and for the payment of such sums as may be required to redeem the property if it has been sold for taxes and such redemption can be had. *New Hanover County v. Whiteman,* 190 N.C. 332, 129 S.E. 808. Thus while the action is to foreclose a specific lien, the object is to assure the payment of all tax liens on the property in one action, so that the purchaser will obtain title free of any lien for taxes assessed at any time before final judgment.

The complaint in this action makes no reference to a sale by the sheriff or to a tax sale certificate. It is an action to foreclose the original lien under the provisions of G.S. 105-414, and shall be conducted as in case of a foreclosure of a mortgage, as modified by G.S. 105-395.

The plaintiffs, who were the tax debtor defendants in the foreclosure action assert that the foreclosure judgment entered in the action is void

for the reason the purported summons was not signed by the clerk of the Superior Court; did not issue out of his office; and service thereof did not subject them to the jurisdiction of the court.

The statute, G.S. 1-89, provides for the issuance of a summons in a civil action. One of its specific requirements is that the summons shall be signed by the clerk. Is his failure to do so a fatal defect which renders the service thereof ineffectual and a judgment entered in the cause void and of no effect? On this question we have two distinct lines of decisions.

In *Hooker v. Forbes,* 202 N.C. 364, 162 S.E. 903, we held that the failure of the clerk to comply with the requirement that a summons must be signed by him, G.S. 1-89, is a defect which may be waived by a general appearance and may therefore be remedied by amendment under G.S. 1-163. *Henderson v. Graham,* 84 N.C. 496; *Piercy v. Watson,* 118 N.C. 976, and *Land Bank v. Aycock,* 223 N.C. 837, 28 S.E. 2d 494, are to like effect.

On the other hand, in *Redmond v. Mullenax,* 113 N.C. 505, this Court held that the failure of the clerk to sign the summons in that case was fatal and the judgment entered in the case was void. See also Anno. 30 A.L.R. 717; 42 A.J. 12, sec. 10.

Even so, a careful consideration of these decisions discloses that there is no real conflict or inconsistency. The Court, in a well-considered opinion in the *Redmond case,* discusses the question and states the controlling rule which has been consistently followed by this Court. It may be briefly summarized as follows:

If the clerk fails to sign a summons, the defect may be cured by amendment if there is evidence upon the face of the summons itself that it emanated from the proper office and was intended to bring the defendant into court to answer a complaint of the plaintiff. That is, if the paper bears internal evidence of its official origin and of the purpose for which it was issued, it comes within the definition of original process and may be amended by permitting the clerk to sign *nunc pro tunc* as provided by G.S. 1-163. This rule is subject to the limitation that such alteration of the record must not disturb or impair any intervening rights of third parties.

If, however, there is nothing upon the face of the paper which stamps upon it unmistakably an official character, it is not a defective summons but no summons at all—"no more than one of the usual printed blanks kept by the clerks of the courts." The curative power of amendment may not be invoked when there is nothing upon the face of the paper to give assurance that it received the sanction of the clerk before it was delivered to the sheriff to be served. This rule is cited with approval in *Land Bank v. Aycock, supra,* and *Piercy v. Watson, supra.*

Thus, when the paper bears the seal of the clerk and there is evidence it actually emanated from the clerk's office, *Land Bank v. Aycock, supra;* *Henderson v. Graham, supra,* or the jurat of the clerk and his signature appear below the cost bond, *Hooker v. Forbes, supra,* the paper bears internal evidence of its official character and the defect may be cured by amendment. When it does not bear some such evidence, it is void and not subject to amendment. *Redmond v. Mullenax, supra.*

Incidentally, in appraising the rule, we must bear in mind that we are not here dealing with a case in which the defendant voluntarily appeared, for voluntary appearance dispenses with the necessity of summons. *Williams v. Cooper,* 222 N.C. 589, 24 S.E. 2d 484. This is the underlying philosophy of some of our decisions wherein amendment of process was allowed.

Applying the rule as approved in these decisions, we might well hold that there was no summons issued in this cause and the judge was without authority to permit the clerk to sign the paper which purports to be a summons *nunc pro tunc.* Be that as it may, we prefer to rest decision on other grounds, to wit:

(1) The clerk was without authority to sign a default judgment in favor of the defendant City of Kinston on its cross action; and

(2) Said judgment was signed and the property foreclosed without legal notice to its codefendants, the plaintiffs herein.

If a counterclaim is pleaded against a plaintiff and no copy of the answer containing such counterclaim shall be served upon the plaintiff or his attorney of record, such counterclaim shall be deemed to be denied as surely as if plaintiff had filed a reply denying the same. G.S. 1-140; *Lumber Company v. Welch,* 197 N.C. 249, 148 S.E. 250; *Miller v. Grimsley,* 220 N.C. 514, 17 S.E. 2d 642; McIntosh, P. & P. 715, sec. 637. While this statute uses the word "plaintiff," its purpose and intent is to withhold from a defendant any right to a judgment by default on any counterclaim until and unless he gives the alleged debtor legal notice of his claim. We may concede that the defendant City of Kinston had the right to plead the counterclaim against these defendants set out in its answer in the foreclosure action. G.S. 105-391 (j), 395. Even so, the philosophy underlying the statute, G.S. 1-140, requires that the rule there prescribed be applied to a cross action by one defendant against a codefendant.

Independent of the statute, simple justice would deny to such defendant the right to obtain against a codefendant a judgment by default on a cross action of which he had no legal notice. He is summoned to court to answer the complaint of the plaintiff, and he is under no legal duty to examine the answer of a codefendant to discover whether perhaps there is still another claim there asserted against him.

If the defendant taxing unit, in an action such as this, intends to prose-cute its claim irrespective of the disposition of plaintiff's cause of action as authorized by G.S. 105-391 (j), it must give its codefendant tax debtor notice thereof so that he may defend if he so elects.

The clerk of the Superior Court possesses very limited jurisdiction to enter judgments in civil actions. *Cook v. Bradsher,* 219 N.C. 10, 12 S.E. 2d 690; *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690. He may exercise in such cases only such jurisdiction as is provided by statute. While he is vested with authority to enter judgments by default in certain cases, G.S. 1-209, G.S. 105-391 (m), his jurisdiction is limited to the specific instances enumerated in the statute. *Johnston County v. Ellis,* 226 N.C. 268, 38 S.E. 2d 31; *Beaufort County v. Bishop,* 216 N.C. 211, 4 S.E. 2d 525; *Cook v. Bradsher, supra; High v. Pearce, supra; Moore v. Moore, supra.*

When issues of fact are raised by the pleadings, he must transfer the cause to the civil issue docket. G.S. 1-171, 174, 273. And where an answer containing a counterclaim is not served, the allegations in the answer are to be dealt with as if denied by reply or further answer of the alleged debtor. *Kassler v. Tinsley,* 198 N.C. 781, 153 S.E. 411; *Lawrence v. Heavner,* 232 N.C. 557, 61 S.E. 2d 697; *Simon v. Masters,* 192 N.C. 731, 135 S.E. 861; *Lumber Company v. Welch, supra.*

So then, a judgment entered by a clerk in a mortgage foreclosure action based in part on evidence offered, *Johnston County v. Ellis, supra,* or in any foreclosure action under G.S. 105-414, on a day other than as author-ized by statute, *Beaufort County v. Bishop, supra,* or in a dower allot-ment proceeding affecting land outside his county, *High v. Pearce, supra,* or where he must find facts as a basis for his judgment, *Moore v. Moore, supra,* or in a case not specified by statute, *Cook v. Bradsher, supra,* his judgment is void and of no effect.

"A lack of jurisdiction or power in the court entering the judgment always avoids the judgment. This is equally true when the court has not been given jurisdiction of the subject-matter, or has failed to obtain jurisdiction on account of a lack of service of proper process." (cases cited) "A void judgment is not a judgment and may always be treated as a nullity . . . it has no force whatever; it may be quashed *ex mero motu.*" *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20.

Notice and an opportunity to be heard are prerequisites of jurisdiction, and jurisdiction is a prerequisite of a valid judgment. *Comrs. of Rox-boro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144, and cases cited. The judgment roll in the foreclosure action fails to disclose compliance with these essential requirements of due process.

Counsel for defendants assert in their brief that to require title ab-stracters to examine the judgment roll in judicial sales and deny them

the right to rely on the recitals in the judgment of foreclosure and decree of confirmation would place an unreasonable burden on them and rob the judgment and decree of the integrity to which they are entitled. But the judgment of the court draws its life and vitality from the judgment roll, *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26, and any abstracter who overlooks this fact takes a grave risk, the consequences of which he or his client must bear.

"It is the duty of one who would purchase a tax title to investigate, or cause to be investigated, all sources of title 'and if he fail to do so, it is his folly, against which the law, that encourages no negligence, will give no relief. *Foy v. Haughton,* 85 N.C. 169.' " *Wilmington v. Merrick,* 234 N.C. 46; *Quevedo v. Deans,* 234 N.C. 618.

The question whether these defendants are subrogated to any right of the City of Kinston to prosecute a foreclosure action for the collection of taxes paid it out of the proceeds of sale is not presented for decision on this record.

The judgment entered in the court below is

Reversed.