IN THE MATTER OF MORGAN SAMUEL WARD, III

No. 9214SC1015

(Filed 5 October 1993)

**Incompetent Persons § 14 (NCI4th)— incompetency hearing—no authority of clerk to reopen—order null and void**
        The clerk of superior court does not have authority to rehear an adjudication of incompetency based on the consent of the parties; therefore the clerk's order entered after reopening the incompetency proceeding was null and void, and the trial court properly dismissed petitioner's appeal therefrom. N.C.G.S. §§ 35A-1207, 35A-1130.

**Am Jur 2d, Incompetent Persons §§ 8-25.**

IN RE WARD

[112 N.C. App. 202 (1993)]

Appeal by petitioner Imperial Trucking Company, Inc. from order signed 11 August 1992 and filed 12 August 1992 by Judge Jack Thompson in Durham County Superior Court dismissing petitioner's appeal. Heard in the Court of Appeals 17 September 1993.

On 16 August 1990, John Constantinou, as respondent Morgan Samuel Ward, III's "Attorney [and] Best Friend" filed a petition with the Clerk of Durham County Superior Court to adjudicate Ward incompetent. This matter came before the Clerk of Court on 13 September 1990. On 11 October 1990, the Clerk of Court entered an order finding that Ward had "continuously and without interruption been an incompetent adult since December 23, 1987" and that Ward continued to be incompetent and in need of a guardian at the time of the hearing. Based on this finding, the Clerk appointed Constantinou as Ward's general guardian.

Subsequently, in September 1991, Petitioner Imperial Trucking Company, Inc. ("Imperial") filed a "Motion in the Cause" pursuant to N.C. Gen. Stat. § 35A-1207 to reopen the incompetency proceeding and give all parties an opportunity to be heard in the matter. Constantinou, as Ward's guardian, consented to reopen the proceeding so that all interested parties could have the right to be heard and to contest the proceeding as it related to the alleged incompetency and date of onset of incompetency. On 10 October 1991, based on this consent, the Clerk of Court reopened the incompetency proceeding.

On 12 June 1992, after a hearing, the Clerk of Court signed an order concluding that Ward has been an incompetent adult since 16 August 1990, the date Constantinou filed the petition for adjudication of incompetence. Further, the order affirmed the appointment of Constantinou as Ward's general guardian.

On 19 June 1992, Imperial filed an appeal from this order in Durham County Superior Court. Subsequently, on 1 July 1992, Constantinou, as Ward's guardian, filed a motion to dismiss this appeal. Judge Jack Thompson entered an order granting this motion on 11 August 1992. From this order, Imperial appeals.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and Robert E. Levin, for petitioner-appellant.*

*John M. Constantinou for respondent-appellee.*

ORR, Judge.

The historical background for this appeal arises out of an automobile accident on 23 December 1987 in which respondent Morgan Samuel Ward, III was injured near Winnie, Texas by a vehicle owned by Imperial Trucking Company, Inc. In January 1990, Ward filed a suit against Imperial and Charles H. Black, the driver of the vehicle owned by Imperial, in the United States District Court for the Middle District of North Carolina. Imperial filed a motion to dismiss for lack of personal jurisdiction, and Ward moved for a change of venue. An order was entered granting Imperial's motion to dismiss and Ward's motion to change venue to the Southern District of Texas. On 13 November 1990, Ward filed a voluntary dismissal in this action.

During the pendency of this suit, on 16 August 1990, Ward's attorney, John Constantinou, filed a petition with the Durham County Clerk of Superior Court to adjudicate Ward incompetent. On 11 October 1990, an order was entered by the Durham County Clerk of Superior Court finding that Ward had been incompetent since the date of the accident, appointing Constantinou as Ward's general guardian, and concluding that the "[g]eneral [g]uardian shall be allowed to file a personal injury action for the ward without further permission from this Court".

On 14 November 1990, Ward, through his guardian Constantinou, instituted a personal injury action against Imperial and Black in Brazoria County District Court, Texas for the injuries sustained in the automobile accident of 23 December 1987. According to Imperial's brief, it was alleged in this action that Ward's incompetency tolled the statute of limitations.

Upon learning that Ward had been adjudicated incompetent, Imperial filed a Motion in the Cause under N.C. Gen. Stat. § 35A-1207 to reopen the incompetency adjudication of Ward in Durham County Superior Court. On 10 October 1991, the Clerk of Durham County Superior Court signed an order stating that Constantinou, as Ward's guardian, agreed to reopen the proceeding, and based on this consent, the Clerk reopened the incompetency adjudication of Morgan Samuel Ward, III.

After a hearing, on 12 June 1992, the Clerk of Court entered an order modifying the previous order. In this order, the Clerk of Court found that Ward has been an incompetent adult since

23 December 1987, but that the court did not have the authority to declare a respondent incompetent prior to the institution of an incompetency determination proceeding. Thus, the Clerk concluded as a matter of law that Ward has been an incompetent adult since 16 August 1990, the date Constantinou filed the petition for adjudication of incompetence in this action. Further, the order affirmed the appointment of Constantinou as Ward's general guardian.

On 19 June 1992, Imperial filed a notice of appeal from this order in Durham County Superior Court requesting a trial *de novo*. On 1 July 1992, Constantinou filed a motion to dismiss this appeal, which motion the trial court granted in an order signed 11 August 1992 by Judge Jack Thompson.

The sole issue on appeal is whether Imperial had a right to appeal the Clerk's order of 12 June 1992 that adjudicated Ward an incompetent adult and to a trial *de novo* in this matter in the superior court. Chapter 35A of the North Carolina General Statutes governs incompetency proceedings. Article 1 of Chapter 35A, entitled "Determination of Incompetence", "establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." N.C. Gen. Stat. § 35A-1102 (1987). Further, "[t]he clerk in each county shall have original jurisdiction over proceedings under this Subchapter." N.C. Gen. Stat. § 35A-1103(a) (1987).

Under N.C. Gen. Stat. § 35A-1105 (Cum. Supp. 1992),

> [a] verified petition for the adjudication of incompetence of an adult, or of a minor who is within six months of reaching majority, may be filed with the clerk by any person, including any State or local human resources agency through its authorized representative.

"Within five days after filing of the petition, the clerk shall issue a written notice of the date, time, and place for a hearing on the petition . . . ." N.C. Gen. Stat. § 35A-1108(a) (1987). After such hearing,

> [i]f the finder of fact, whether the clerk or the jury, finds by clear, cogent, and convincing evidence that the respondent is incompetent, the clerk shall enter an order adjudicating the respondent incompetent. The clerk may include in the order findings on the nature and extent of the ward's incompetence.

N.C. Gen. Stat. § 35A-1112(d) (1987). "Appeal from an order adjudicating incompetence shall be to the superior court for hearing de novo and thence to the Court of Appeals." N.C. Gen. Stat. § 35A-1115 (1987). Thus, N.C. Gen. Stat. § 35A-1115 grants the right of appeal and trial *de novo* from an order adjudicating incompetence under Article 1 of Chapter 35A to the superior court.

In the present case, after Constantinou followed the proper procedures outlined under Article 1 of Chapter 35A for adjudicating an incompetent adult, the Clerk of Court entered an order adjudicating Morgan Samuel Ward, III incompetent, from which no appeal was taken. Subsequently, Imperial filed a Motion in the Cause pursuant to N.C. Gen. Stat. § 35A-1207 (1987) to "reopen" Ward's adjudication proceeding.

N.C. Gen. Stat. § 35A-1207 is found in Subchapter II, Article 4 of Chapter 35A. Subchapter II deals solely with issues of guardianship. N.C. Gen. Stat. § 35A-1207(a) states:

> Any interested person may file a motion in the cause with the clerk in the county where a guardianship is docketed *to request modification of the order appointing a guardian or guardians or consideration of any matter pertaining to the guardianship.*

(Emphasis added.) N.C. Gen. Stat. § 35A-1207 does not provide for reopening an incompetency hearing. Thus, the Clerk of Court did not have the authority to base his reopening and subsequent rehearing of this case on this statute. Instead, the Clerk reopened the case and held a rehearing on the merits of Ward's adjudication of incompetence based on the consent of the parties. However, our review of Chapter 35A shows no authority under which the Clerk of Court can rehear an adjudication of incompetency based on the consent of the parties.

Article 1 of Chapter 35A gives the Clerk of Court the authority to enter an order adjudicating a person incompetent upon a petition and after a hearing pursuant to Article 1. From this order, an appeal lies to the superior court for a trial *de novo*. N.C. Gen. Stat. § 35A-1115 (1987). Therefore, jurisdiction over an adjudication of incompetency lies with the Clerk of Court under Article 1, and jurisdiction over an appeal from an order entered by the Clerk pursuant to Article 1 lies with the superior court. No statute in Chapter 35A gives the Clerk the authority to rehear an adjudication

**IN RE WARD**

[112 N.C. App. 202 (1993)]

of incompetency once he has entered this order; thus the Clerk has no jurisdiction for such a rehearing. *See Ridge Community Investors, Inc. v. Berry,* 293 N.C. 688, 696, 239 S.E.2d 566, 571 (1977) (citations omitted) (" 'The clerk of the superior court has no common law or equitable jurisdiction. . . . The clerk is a court "of very limited jurisdiction—having only such jurisdiction as is given by statute." ' "); *See also Boone v. Sparrow,* 235 N.C. 396, 403, 70 S.E.2d 204, 209 (1952) (the clerk of superior court may only exercise jurisdiction in civil cases as provided by statute).

The only other provision in Chapter 35A which provides for the Clerk holding a hearing on the merits of a person's incompetency is found in Article 3, which Article is entitled "Restoration to Competency." N.C. Gen. Stat. § 35A-1130 (1987) of Article 3 states:

> (a) The guardian, ward, or any other interested person may petition for restoration of the ward to competency by filing a motion in the cause of the incompetency proceeding with the clerk who is exercising jurisdiction therein. The motion shall be verified and shall set forth facts tending to show that the ward is competent.
>
> (b) Upon receipt of the motion, the clerk shall set a date, time, and place for a hearing . . . .
>
> . . .
>
> (d) If the clerk or jury finds by a preponderance of the evidence that the ward is competent, the clerk shall enter an order adjudicating that the ward is restored to competency. . . .
>
> . . .
>
> (f) If the clerk or jury fails to find that the ward should be restored to competency, the clerk shall enter an order denying the petition. The ward may appeal from the clerk's order to the superior court for trial de novo.

This statute does not, however, provide for modifying a previous order adjudicating a person incompetent. It merely provides for a hearing to determine if the incompetent ward should be restored to competency, and, if it is found that the ward should not be restored to competency, it gives the Clerk the authority to enter an order "denying the petition." This statute does not give the Clerk the authority to enter an order modifying a previous order of incompetency. Thus, the Clerk does not have jurisdiction under

this statute to reopen an incompetency proceeding, hold a rehearing, and enter an order modifying the previous order of incompetency. Further, under this statute, only the ward may appeal from the Clerk's order, and in the present case, Imperial is the appellant.

Thus, we conclude that the Clerk did not have the authority, and therefore, the jurisdiction to rehear Ward's adjudication of incompetency under Chapter 35A based on the consent of the parties. We therefore conclude that the Clerk's order of 12 June 1992 is null and void. *See In re Custody of Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967) (citation omitted) (" 'Jurisdiction over the subject matter cannot be conferred upon a court by consent . . . .' "); *See also Waters v. McBee*, 244 N.C. 540, 548, 94 S.E.2d 640, 645 (1956) ("Defendant could not, by consent, confer on the court the power to hear a controversy not within the authority given it by the Legislature . . . ."). Accordingly, we affirm the trial court's dismissal of petitioner's appeal.

Affirmed.

Judges EAGLES and GREENE concur.